In re Richard J. JOHNSON, Debtor.

Bankruptcy No. 3–80–1261.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Aug. 20, 1981.

Galen W. Pittman of Johnson, Flaherty & Gillette, La Crosse, Wis., for debtor, Richard J. Johnson.

David L. Mitchell of Kutak, Rock & Huie of Minneapolis, Minn., for petitioning creditors.

Timothy Moratzka of Moratzka, Dillon & Kukel, Hastings, Minn., for the trustee of the estate of Richard J. Johnson.

## ORDER FOR SUMMARY JUDGMENT

JACOB DIM, Bankruptcy Judge.

The above entitled case came on for hearing before the Honorable Jacob Dim on July 28, 1981 on the motion of the debtor objecting to the jurisdiction of the bankruptcy court and vacating the order of the bankruptcy court placing the debtor in involuntary bankruptcy. Prior to the hearing, the petitioning creditors served a motion for summary judgment on the debtor on July 23, 1981. Debtor claims this court lacks jurisdiction because he was (is) a farmer, did not reside in the District of Minnesota, and service was improper.

## PROCEDURAL HISTORY

On August 1, 1980 the petitioning creditors filed an involuntary petition seeking an order for relief under chapter 7 of title 11. A summons was issued and served on the debtor by leaving a copy of the summons and the petition at the debtor's farm at Rushford, Minnesota with the debtor's son, Scott Johnson.

An answer was filed on August 22, 1980 by David Joerg of Joerg & Benson. The answer alleged that the debtor did not reside in Rushford, Minnesota. It also denied the allegations of the involuntary petition. The answer affirmatively pled that the court lacked jurisdiction over the debtor and that service of process was insufficient.

On August 29, 1980, the petitioning creditors filed and served a notice of taking deposition on the debtor and his attorney by mail. The deposition was scheduled for September 8, 1980. Neither the debtor nor his attorney contacted the petitioning creditors. Both the debtor and his attorney failed to appear at the deposition on September 8, 1980.

On September 9, 1980, the petitioning creditors filed an application for a Rule 205 hearing and a motion for sanctions under Rule 737 for the debtor's failure to comply with discovery. The court issued an order requiring the debtor to appear at a Rule 205 hearing on September 22, 1980. The motion under Rule 737 was continued until that date.

Neither the debtor nor his attorney appeared at the Rule 205 hearing on September 22, 1980. The petitioning creditors renewed the motion for sanctions and the court issued an order striking the answer of the debtor and entering an order for relief under chapter 7 of title 11.

A pretrial on the original petition and answer was scheduled for October 14, 1980. Neither the debtor nor his attorney ap-

peared at the pretrial. The debtor telephoned the court on October 14, 1980 indicating that he would not appear and that he had never been served. The court, in view of the previous actions, held that the pretrial was moot and that the debtor file schedules on or before November 10, 1980.

On December 5, 1980, the trustee filed a petition for contempt. The debtor had failed to file schedules as required by order of the court. On December 5, 1980, the court issued an order to show cause why the debtor should not be certified for contempt to the district court. The order to show cause required that the debtor appear on December 18, 1980. The debtor failed to appear on December 18, 1980.

On December 18, 1980, the court issued an order certifying the debtor for contempt to the district court. Due to the inability of the United States Marshall to affect service upon the debtor, the hearing on the contempt of the debtor did not occur until May 29, 1981.

The attorney for the debtor, David Joerg, on December 4, 1980 filed a notice of withdrawal as attorney. Mr. Joerg in his attached affidavit indicated that Mr. Johnson, the debtor, did not ever contact him after August 20, 1980.

The debtor filed a motion on June 9, 1981 to object to the jurisdiction of this court pursuant to Rule 915 of the Rules of Bankruptcy Procedure; to vacate the order of September 23, 1980 entering an order for relief under chapter 7 of title 11; to extend the time to answer; and, to stay all proceedings in the bankruptcy case.

The debtor has not previously made any motions, asked for any relief or taken an appeal from any order. The debtor's appearance is denominated a "limited" appearance.

The petitioning creditors have filed a motion for summary judgment against the debtor on the grounds that the debtor is barred by *res judicata* and laches. The motion also requested attorney's fees and costs for the debtor's failure to appear for his deposition.

## MEMORANDUM

The affidavit of Richard Johnson accompanying the motion of the debtor sets forth the following matters:

The debtor, Richard Johnson claims he resided in Idabel, Oklahoma at the time of the filing of the involuntary petition. Service was made on the adult son of the debtor who informed the debtor of the service. Either the debtor or his son delivered the papers to Mr. Joerg, his attorney.

The debtor claims he was not aware of the pretrial on October 14, 1980 and did not appear on December 18, 1980 because the trustee indicates that he had papers to serve on him.

The schedules filed by the debtor show that his residence at the time of filing was Rushford, Minnesota. The statement of affairs filed by the debtor indicates that the principal places of business for the debtor were Rushford, Minnesota and Idabel, Oklahoma. The debtor has claimed a homestead exemption for the farm in Rushford, Minnesota. The debtor's present address is the same address as that to which all other previous service has been directed.

### Subject Matter Jurisdiction

The debtor has objected to the jurisdiction of this court over the subject matter of this case on two grounds. The debtor claims to be a farmer and asserts that if proven, this would defeat jurisdiction. The debtor, also, claims not to have been a resident of this district at the time of the filing of the involuntary petition.

Subject matter jurisdiction of the bankruptcy court is set forth in 28 U.S.C. § 1471(a) and (c):

"(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts."

A case under title 11 is commenced by filing a petition pursuant to 11 U.S.C. §§ 301, 302, 303, or 304. Once commenced the bankruptcy court has original and exclusive jurisdiction over the bankruptcy case.

On August 1, 1980 a case under title 11 was commenced pursuant to § 303 against the debtor by the petitioning creditors. § 303(b) sets forth how a case under that section is commenced. In relevant part, it states:

"An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7".

Such a petition was filed and a case commenced under title 11. The requirements of 28 U.S.C. § 1471 had been met and the bankruptcy court had original and exclusive jurisdiction over the bankruptcy case.

In order to retain jurisdiction pursuant to § 303, certain factual and legal determinations must be made. These determinations include whether or not the debtor is a farmer or charitable corporation; whether sufficient creditors with sufficient claims have joined in the petition; and whether the debtor meets the requirements of 11 U.S.C. § 109(b) and (d). If the court finds that any of the required determinations are adverse to the petitioning creditors, the case must be dismissed and damages awarded to the debtor.

These determinations do not give this court jurisdiction. Jurisdiction comes from 28 U.S.C. § 1471. They determine whether or not the court must dismiss the case. They are factual or legal questions which the court must determine. They are the issues raised by the pleadings. They are defenses not jurisdictional requirements.

The debtor filed his answer and, then, in complete disregard of the court and the pendency of this case, failed to appear at two different occasions and disobeyed the lawful order of the court. As a consequence of the debtor's contumacy, the court, under Rule 37 of the Federal Rules of Procedure, struck the debtor's answer. A default judgment was thereupon entered against the debtor and an order for relief was issued.

This court will not now reconsider the propriety of its order of September 23, 1980. This case must proceed as though the debtor never answered. § 303(h) provides that where the petition is not controverted the court shall enter an order for relief against the debtor. This was done, and it becomes the law of the case and may not be challenged here.

▪ *Res judicata* is a doctrine with three parts: bar; merger; and, collateral estoppel. Bar is the principle that a party may not relitigate a cause of action which has been determined previously. Merger is the principle which unites all claims arising from a cause of action and bars relitigation. Collateral estoppel prohibits a party from disputing an issue already determined against that party. *Res judicata* prevents a party from relitigating all claims, whether previously litigated or not, which were part of a cause of action previously determined.

▪ *Res judicata* applies with equal effect and force to judgments by default. The defaulting party, having been given an opportunity for hearing, is not entitled, at a later date, to a hearing on the same cause of action. *Res judicata* bars all claims based on factual and legal issues whose determination is necessary to support the default judgment. *Lockhart v. Mercer Tube & Mfg. Co.*, 53 F.Supp. 301 (Del.1943).

▪ The petition alleges that the debtor is not a farmer. In order to enter an order for relief, it was necessary for the court to find the debtor was not a farmer. Such a finding was, therefore, made and the debtor may not now attack it. *In re Centre de Tricots de Gaspe, Ltee*, 10 B.R. 148 (Bkrtcy. S.D.Fla.1981).

▪ The law is not that a farmer cannot have an order for relief entered. He may file voluntarily. In an involuntary case whether debtor is a farmer is a factual question to be pled and proven under 11 U.S.C. § 101(17) that more than 80% of his prior year's gross income was so derived. If he fails to plead and prove that he is a

farmer, he has in effect consented to the entry of the order for relief. Being a farmer is not a jurisdictional fact, it is a defense to be pled and proven. A farmer is not jurisdictionally barred from being a debtor under chapter 7 of title 11 as is a railroad, domestic bank or foreign insurance company under 11 U.S.C. § 109(b).

As to the debtor's second grounds for objecting to this court's jurisdiction, that the debtor is a resident of a different district, this similarly would be barred by *res judicata* (and will be discussed at length infra). Even if it were true, the filing of the petition which commences the case is the jurisdictional act. Where the petition is filed is a question of venue which is not grounds for setting aside the court's order of September 23, 1980. See 28 U.S.C. § 1472 and § 1477.

### Personal Jurisdiction

The debtor has alleged that this court lacks personal jurisdiction because service of process was improper. For that reason the debtor has indicated he is making a limited appearance and not consenting to the court's jurisdiction over him.

■ It might first be noted that, under the Bankruptcy Code, limited appearances are no longer possible or necessary. Rule 915 has been superceded by the Bankruptcy Code's elimination of summary-plenary distinctions in jurisdiction. The court either has jurisdiction or it does not. Consent is no longer a requisite for this court to obtain jurisdiction. H.R.Rep.No.595, 95th Cong. 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Rule 704 sets forth the requirements for service of process. Those criterion state:

(b) Service of the summons, complaint, and notice of trial or pre-trial conference may be made as provided in Rule 4(d) of the Federal Rules of Civil Procedures for the service of process....

(c) Service of summons, complaint, and notice of trial or pre-trial conference may also be made within the United States by first-class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons, complaint and notice to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession.

Rule 4(d) provides that service may be made upon an individual by "leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein".

Service was made both personally and by mail on the debtor at his home in Rushford, Minnesota. The only question then is whether this is the debtor's dwelling place or a place where he regularly conducts business. In his statement of affairs the debtor has listed Rushford as one of the principal places he conducts business. Such a claim is binding in this proceeding.

■ The debtor's residence or domicile is his homestead. The debtor has claimed the farm in Rushford, Minnesota as his homestead. The debtor cannot pick and choose when and where to claim residence. This court believes that the debtor is estopped from claiming a different residence than that claimed in his statement of affairs and schedules, which relates back to the date of the filing of the involuntary petition.

■ Nor can the debtor claim that notice was insufficient. The debtor filed an answer within the twenty day limit. Service, after the initial petition and summons, was always made on both the debtor and his attorney of record, David Joerg. According to the affidavit of Mr. Joerg accompanying his motion to withdraw as counsel for the debtor, the debtor never contacted him after the initial meeting to file the answer. Despite this lack of contact, the debtor contacted the court by phone on the day of his pretrial on October 14, 1980. The debtor contacted the trustee by phone on December 18, 1980. On both occasions the debtor was aware of the hearings scheduled for that day.

Pursuant to Rule 704(h) the notice received by the debtor establishes that no prejudice occurred as the result of any insufficiency of process. That section provides that service is effective: "notwithstanding . . . the manner of proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued."

The debtor cannot show any material prejudice. He received adequate notice of the petition to get his answer timely filed. All adverse actions since that date have been the result of the debtor's own acts and he must bear the consequences not his creditors.

It should be emphasized that the debtor's current address for service is the same address as that upon which service was made. The debtor's residence was and continued to be his home in Rushford, Minnesota.

■ Finally the issue of the debtor's residence and the sufficiency of process is barred by the default judgment. The debtor had his opportunity to litigate the sufficiency of process in his initial hearing. The debtor chose to ignore the court and to allow to go uncontested the involuntary petition. The determination of the residence of the debtor and the sufficiency of process is a necessary determination to enter judgment. By its order of September 23, 1980, the court determined the issue adverse to the debtor. He cannot now relitigate the question.

■ The debtor failed to preserve his right to challenge personal jurisdiction by interposing an answer and then failing to appear to contest it. The debtor has, by appearing and not contesting, waived his right to this defense if any existed.

### Timeliness

The debtor has asked the court to vacate its order of September 23, 1980. This motion arises under Rule 60(b) of the Rules of Federal Civil Procedure. This rule requires that: "[t]he motion shall be made within a reasonable time".

The petitioning creditors have asked that the debtor be barred by laches from pursuing his motion. Laches is unreasonable delay in asserting a claim or right.

■ "Reasonable time" requires an individual determination. Each fact situation is different and must be judged on its own merits. In the instant case, this court can only determine that the debtor unreasonably delayed any attempt to assert his present claims.

Since the entry of the order for relief under chapter 7 of title 11 on September 23, 1980, a trustee has been appointed. At least five adversary proceedings were commenced. Property has been transferred. And the estate has been partially administered. Different parties have changed their positions in good faith reliance on the finality of that order. The debtor, for almost a year, has allowed others to act by a set of rules that the debtor now wishes to alter.

■ A reasonable time is before irrevocable acts have occurred. It is before other persons can be injured by the debtor's inaction. A reasonable time is a time by which this court can still undo that which was done. The complexity and breadth of the changes which have taken place in the last year prevent the court from adequately being able to fashion relief for the debtor.

The vacation of that order would lend uncertainty to other orders of this court upon which innocent third parties have relied. The equities in this case must all lie with the creditors and other individuals who have innocently become a part of this matter. The debtor, by failing in his duty to act in a reasonable time, has not met the burden of Rule 60(b). It would be an injustice to all other parties to allow the debtor to have the relief he requests.

The debtor has not made an effort to work within the legal system. Since August 20, 1980 he has attempted to avoid and impede the administration of this case. By his obdurate behavior, the debtor has created the situation in which he finds himself. This court will not relieve the debtor of the consequences of his own acts.

## CONCLUSION

Now Therefore, IT IS ORDERED that the motion of the debtor, Richard J. Johnson, filed on June 9, 1981 is in all matters dismissed. The motion of the petitioning creditors for reasonable expenses for the debtor's failure to attend his deposition is herewith granted in the amount of $500.00.