**In re William J. FRUSHER, Debtor/Appellant.**

No. 89–1014–C.

United States District Court, D. Kansas.

Feb. 25, 1991.

William E. Metcalf, Topeka, Kan., for debtor/appellant.

Eric D. Bruce, Wichita, Kan., for Bazine State Bank.

Alice Leslie Rawlings, McDonald Tinker Skaer Quinn & Herrington, Wichita, Kan., for Federal Land Bank of Wichita.

## MEMORANDUM AND ORDER

CROW, District Judge.

This matter comes before the court on appeal from the bankruptcy court's order of relief adjudging William J. Frusher (debtor/appellant) involuntarily bankrupt. On appeal, Frusher raises two issues: (1) Whether a debtor's farmer/nonfarmer status under 11 U.S.C. § 303(a) is jurisdictional or an affirmative defense which must be raised by the debtor? and (2) Whether the bankruptcy court abused its discretion in denying Frusher's motion to reconsider and motion to dismiss? Having considered the arguments of counsel and applicable law, the court is now prepared to rule.

### Facts

On October 15, 1987, Frusher submitted a sworn financial statement to Bazine State Bank. On that application, Frusher listed his occupation as a travel consultant. That financial statement did not indicate that Frusher earned any income in farming or that he had any interest in a farming operation.

On May 20, 1988, Bazine State Bank filed a Chapter 7 involuntary bankruptcy petition against Frusher. In paragraph 4 of the petition, Bazine State Bank alleged that "[t]he debtor is a person against whom an Order for Relief may be entered by title 11 of the United States Code." On May 23, 1988, Bazine State Bank submitted requests for admissions to Frusher. Frusher

never answered those requests for admissions. On May 28, 1988, Frusher was served with the involuntary petition and summons. On May 31, 1988, a second summons and petition were mailed to Frusher by the clerk of the bankruptcy court. The summons corrected the date by which Frusher's answer or other motions were to be filed. On June 23, 1988, an order was entered granting Frusher until July 10, 1988 to file his answer to the involuntary bankruptcy petition. Frusher did not file an answer or file any other motion on or before July 10, 1988.

As of August 2, 1988, no answer to the petition had been filed. On August 2, 1988, an order for relief should have been entered pursuant to Fed.R.Bankr.P. 1013(b). Instead of issuing an order for relief, an order to "Show Cause why Matter Should not be Dismissed for Lack of Prosecution" was issued. A hearing was set for August 19, 1988.

On August 19, 1988, a hearing on the show cause order was held.[1] Bazine State Bank's attorney submitted an order for relief, which was not signed by Frusher's attorney, which the bankruptcy court agreed to sign. On August 29, 1988, Judge Pearson entered the order for relief. On that same day, Frusher filed a motion to reconsider and motion to dismiss. That motion was submitted by William E. Metcalf, the attorney who represents Frusher in this appeal.

On October 20, 1988, the bankruptcy court held a non-evidentiary hearing to consider Frusher's motion to reconsider and motion to dismiss. At that hearing, the bankruptcy court informed Frusher that it believed that it would follow *In re Johnson*, 13 B.R. 342, 4 C.B.C.2d 1482 (Bankr.D. Minn.1981), which held that an alleged debtor must plead his status as a farmer as an affirmative defense and that the issue

of whether or not the alleged debtor was a farmer is not jurisdictional. The hearing was continued to allow Frusher the opportunity to brief *In re Johnson.*

On December 12, 1988, the bankruptcy court conducted an evidentiary hearing on Frusher's motion to reconsider and motion to dismiss. Frusher presented evidence in support of his position that he was in fact a "farmer." Frusher did not present the bankruptcy court with any authority in support of his argument that an alleged debtor's farmer status was jurisdictional. At the conclusion of the hearing, the bankruptcy court announced its decision. The bankruptcy court concluded that Frusher had been properly served, that default had been entered, and that the motion for reconsideration was timely filed. The bankruptcy court concluded that farmer status is not jurisdictional, but rather is an affirmative defense.

The bankruptcy court also concluded that it would not set aside the order of relief declaring Frusher involuntarily bankrupt. This decision was based in part on the fact that Frusher had chosen, on the advice of counsel, not to file a response to the involuntary petition. The bankruptcy court did not reach the issue of whether or not Frusher was in fact a farmer within the meaning of 11 U.S.C. § 303(a).

Frusher timely appeals the decision of the bankruptcy court.

Involuntary Bankruptcy and the Farmer

Frusher contends that the issue of whether or not he is a farmer is jurisdictional; thus if he is a farmer within the meaning of the code and that issue is jurisdictional, the bankruptcy court could not declare him involuntarily bankrupt. In support of this contention, Frusher comments:

> An interpretation of the prohibition of 11 U.S.C. § 303 as jurisdictional would place the burden on the petitioning creditor to

---

1. At the hearing, Bazine State Bank was represented by counsel. Frusher was originally represented by Robert E. Nugent, III. Nugent apparently told Frusher that due to the volume of business in his law firm, he would be unable to continue representing Frusher. Frusher therefore hired another attorney to represent him at the order to show cause hearing. According to Frusher, to his surprise, both attorneys appeared on his behalf at the show cause hearing. The journal entry, however, indicates that there were no appearances at the show cause hearing other than Bazine State Bank's attorney.

Robert Nugent withdrew as counsel for Frusher on September 7, 1988.

show that a potential bankrupt is not a farmer. It would not force the farmer to spend funds, which he might not have, to defend the petition. In Debtor's view, it would also allow the farmer to assert that he is a farmer at various stages of the proceedings.

Bazine State Bank responds that the issue of whether the debtor is a farmer is not jurisdictional but rather is an affirmative defense which must be asserted by the debtor.

On appeal from the bankruptcy court, the district court sits as an appellate court. *See* 28 U.S.C. § 1334(a). Findings of fact are not to be set aside unless clearly erroneous; conclusions of law are reviewed *de novo. Virginia Beach Federal Sav. and Loan Ass'n v. Wood,* 901 F.2d 849, 851 (10th Cir.1990); *In re Schneider,* 864 F.2d 683, 685 (10th Cir.1988); *see* Bankruptcy Rules 7052 and 8013.

Section 303(a) of the bankruptcy code provides:

An involuntary case may be commenced only under chapter 7 or 11 of this title [11 USCS § 701 et seq., 1101 et seq.] and only against a person, except a farmer or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

Section 101 of the bankruptcy code provides:

(19) "farmer" means (except when such term appears in the term "family farmer") person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person; (20) "farming operation" includes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state.

The legislative history of § 303(a) indicates that "[f]armers are excepted because of the cyclical nature of their business. One drought year or one year of low prices, as a result of which a farmer is temporarily unable to pay his creditors, should not subject him to involuntary bankruptcy." H.R. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 321–324, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6278.

■ The court concludes that the debtor's status as a farmer is an affirmative defense which must be asserted by the alleged debtor in his or her answer to the involuntary bankruptcy petition. Several reasons support this conclusion. First, the court notes that 11 U.S.C. § 303(h) provides:

If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition is filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed ...

This portion of the code requires the alleged debtor to controvert the allegations in the petition for involuntary bankruptcy, which includes controverting the alleged debtor's "non-farmer" status.

Frusher cites no direct authority for the proposition that the issue of whether the debtor is a farmer is jurisdictional 11 U.S.C. § 303(a). The bankruptcy court, in reaching its conclusion that the debtor's "farmer" status was an affirmative defense which must be raised by the debtor, relied on *In re Johnson, supra.* In that case, the court concluded:

In order to retain jurisdiction pursuant to § 303, certain factual and legal determinations must be made. These determinations include whether or not the debtor is a farmer or charitable corporation; whether sufficient creditors with sufficient claims have joined in the petition; and whether the debtor meets the requirements of 11 U.S.C. § 109(b) and (d). If the court finds that any of the required determinations are adverse to the petitioning creditors, the case must be

dismissed and damages awarded to the debtor.

These determinations do not give this court jurisdiction. Jurisdiction comes from 28 U.S.C. § 1471. They determine whether or not the court must dismiss the case. They are factual or legal questions which the court must determine. They are the issues raised by the pleadings. They are defenses not jurisdictional requirements.

13 B.R. at 346. Several courts have followed *Johnson*. *See Matter of Phillips*, 844 F.2d 230, 235 n. 2 (5th Cir.1988); *In re Alta Title Co.*, 55 B.R. 133, 136 (Bankr.D. Utah 1985); *Potmesil v. Alexandria Production Credit Ass'n*, 42 B.R. 731, 732 (W.D.La.1984); *In re Caucus Distributors, Inc.*, 83 B.R. 921, 929–930 (Bankr.E.D.Va. 1988) (alleged debtors must plead and prove the issue of whether they are eleemosynary organizations).

Frusher contends that *Johnson* is no longer good authority because it was decided before 28 U.S.C. § 1471 was repealed in 1984. Before 1984, 28 U.S.C. § 1471(c) provided that the "bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts." Jurisdiction in cases arising under title 11 now rests in the district courts. 28 U.S.C. § 1334.

Frusher does not attempt to explain why this change necessarily invalidates the court's analysis in *Johnson*, and thus Frusher's argument is not particularly persuasive. In any event, while 28 U.S.C. § 1334 technically establishes that the district court has subject matter jurisdiction over bankruptcy, involuntary cases under 11 U.S.C. § 303 are presently referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and D.Kan.Rule 805(b)(3). In addition, the court notes that several of the cases following *Johnson* were decided after 1984.

Frusher interprets the code to allow the alleged debtor to raise the issue of his farmer status at any point in the bankruptcy proceeding. This is an unlikely interpretation as it would add unnecessary uncertainty to the bankruptcy process. The court is unconvinced that Congress created a provision in the bankruptcy code which would allow the alleged debtor to play the ultimate trump card at *any* point in the involuntary bankruptcy proceeding.

The court concludes that the issue of whether the alleged debtor is a "farmer" is not a jurisdictional requirement under 11 U.S.C. § 303(a) and that an alleged debtor in an involuntary bankruptcy case must assert his or her status as a farmer as an affirmative defense.

Motion to Reconsider

Frusher contends the bankruptcy court abused its discretion in failing to dismiss the involuntary bankruptcy given that the evidence introduced at the evidentiary hearing demonstrated that he was a farmer, thus depriving him of a meritorious defense. Second, Frusher contends that his failure to timely respond was based on the advice of counsel, and therefore his "neglect in this matter was not willful." Third, Frusher contends that he promptly moved for reconsideration and dismissal. Finally, Frusher contends that reconsideration would not result in prejudice to Bazine State Bank or other creditors. Bazine State Bank responds that the bankruptcy court did not abuse its discretion in denying Frusher's motion to reconsider.[2]

■ Generally, in a motion to reconsider the court has the opportunity to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the

2. Both parties, while recognizing that Fed.R. Civ.P. 55 did not govern the bankruptcy court's entry of an order for relief in this case, analyzed the case under the principles generally associated with Rule 55. While this analysis was not wholly irrelevant, the bankruptcy code and the bankruptcy rules authorizing the entry of default specifically govern this action. *See* Fed.R. Bankr.P. 1013(b); *see also* Fed.R.Bankr.P. 9006(b)(1).

facts or the law, or mistakenly has decided issues outside of those presented by the parties for determination. *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd* 770 F.2d 98 (7th Cir.1985). It is inappropriate for the movant to advance new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed. *Butler v. Sentry Ins. A. Mut. Co.*, 640 F.Supp. 806, 812 (N.D.Ill.1986).

■ Motions for new trial, relief from judgment, or to alter or amend the court's findings and conclusions are directed to the discretion of the court. *Allied Chemical Corp. v. Daiflon, Ind.*, 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). The standard of review for these matters is abuse of discretion. *See Howard D. Jury, Inc. v. R & G Sloane Mfg. Co., Inc.*, 666 F.2d 1348, 1352 (10th Cir.1981); *White v. General Motors Corp., Inc.*, 908 F.2d 675 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991) (Rule 60(b) motion subject to abuse of discretion standard); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242 (9th Cir.1989). An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical. *See United States v. Wright*, 826 F.2d 938, 943 (10th Cir.1987).

■ The court concludes that the bankruptcy court did not abuse its discretion in denying Frusher's motion to reconsider. In denying the motion, the district court primarily considered two factors. First, Frusher's decision not to file an answer was based on a conscious, informed, decision. Second, counsel for Frusher announced at the December 12, 1988 evidentiary hearing that it was his intention, if he were meritorious in dismissing the involuntary bankruptcy petition, to file a voluntary petition for bankruptcy on behalf of Frusher.[3]

Under these circumstances the bankruptcy court's decision was not an abuse of discretion. Frusher's failure to answer was a conscious, albeit improvident, strate-

gy. While the bankruptcy court could have chosen to set aside the involuntary bankruptcy petition (and/or determined whether Frusher was a farmer), the court was authorized to grant the involuntary petition under the bankruptcy code and bankruptcy rules. *See In re Nohle*, 93 B.R. 13 (Bankr. N.D.N.Y.1988). In this court's opinion, the bankruptcy court's decision was a reasonable exercise of judicial discretion, and was not the product of arbitrariness or caprice.

IT IS THEREFORE ORDERED that Frusher's request for relief from the bankruptcy court's decision is denied. The decision of the bankruptcy court is affirmed.

---

**3.** The reason for this strategy, other than informing the bankruptcy court that the date of the filing of the petition was important to Frusher, does not appear in the record.