IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-11479
Summary Calendar
_____

In The Matter Of: WILLARD MCCLOY,

Debtor.

WILLARD MCCLOY; BEATRICE MCCLOY,

Appellants,

v.

CRAIG B. SILVERTHORNE; JEAN SILVERTHORNE,

Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

July 12, 2002

Before JOLLY, DAVIS and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Willard McCloy, the debtor ("McCloy"), and his wife, Beatrice McCloy (collectively, "the McCloys"), challenge the bankruptcy court's jurisdiction over McCloy's estate and over Beatrice McCloy's asserted property rights as a non-debtor spouse. The McCloys state that they are farmers. Willard McCloy was placed into involuntary bankruptcy by one of his creditors. The bankruptcy court approved a settlement negotiated by the bankruptcy trustee involving a parcel of community

property owned by the McCloys, known as Section 20. The McCloys objected to the settlement. They argue that Section 20 is not an asset of the bankruptcy estate. Further, Willard McCloy asserts that the bankruptcy court did not have jurisdiction over him because an involuntary bankruptcy petition cannot be brought against a farmer. For the reasons that follow, we AFFIRM the holdings of the bankruptcy court.

I

McCloy purchased a parcel of land known as Section 20, Block 5T, T&NO RR Survey, Hansford County, Texas ("Section 20") in 1975. The McCloys were married at the time. Although the McCloys both testified that Willard McCloy purchased the property with joint funds, only Willard McCloy's name appears on the deed. In July 1987, McCloy signed a promissory note and Deed of Trust on Section 20 to Citizens Security Savings & Loan Association. Beatrice McCloy did not sign these documents. In May 1992, McCloy borrowed $42,000 from Appellee Craig Silverthorne ("Silverthorne") to pay off debts and judgment liens on his separate properties. McCloy executed a promissory note for $42,000 to Silverthorne and a deed of trust against 625 acres out of Section 20 to secure the note. Beatrice McCloy's name does not appear on any of these documents. McCloy made no payments on this note.

Beatrice McCloy filed a petition for Chapter 12 Bankruptcy on June 1, 1992. She listed Section 20 on her Schedule A list of assets as community property and there listed Silverthorne as a creditor. However, she did not list Silverthorne on her Schedule D list of secured creditors. She testified that she did not consider herself indebted to Silverthorne on the promissory note. Silverthorne consequently did not receive formal notice of Beatrice McCloy's bankruptcy or her claim to Section 20. Silverthorne testified that he learned of Beatrice McCloy's bankruptcy four or five

years after she had filed her petition for Chapter 12 bankruptcy, but that he did not know that she asserted a claim to Section 20. Beatrice McCloy testified that she believed that Silverthorne was aware of her bankruptcy earlier on, but admitted that she never specifically notified Silverthorne of the bankruptcy or that she claimed a community property interest in Section 20.

McCloy executed a new note to Silverthorne on June 1, 1994 for $54,685. This note was to cover the original 1992 note, accrued interest, and expenses advanced to McCloy by Silverthorne. McCloy again gave Silverthorne a deed of trust against 625 acres out of Section 20. Beatrice McCloy's name does not appear on these documents either.

McCloy also executed two leases to his son, Delbert McCloy, on Section 20. Again, Beatrice McCloy's name does not appear on these documents. Delbert McCloy wrote checks in payment on the leases to McCloy, and these checks were deposited in the McCloys' joint bank account. Beatrice McCloy's name did not appear on a lease to Delbert McCloy of Section 20 until August 1999, and the lease was predated to January 1, 1999. Both dates occurred after the bankruptcy proceedings against McCloy had begun. The bankruptcy court characterized this lease as "peculiar."

Willard McCloy made no payments to Silverthorne on the 1994 note either, and in October 1997 Silverthorne foreclosed on Section 20. McCloy then sued Silverthorne to set aside the foreclosure sale for lack of notice. Beatrice and Delbert McCloy remained in possession of Section 20. On December 7, 1998, McCloy was placed into involuntary bankruptcy under Chapter 7 by one of his creditors, National Loan Investors, LP ("NLI"). The proceedings were converted to Chapter 11, but then were converted back to Chapter 7. Beatrice McCloy moved to intervene in the state court proceedings, claiming that she had a one-half interest in Section 20 that had survived Silverthorne's foreclosure and seeking to quiet title to her interest. Silverthorne evicted Delbert

3

McCloy from Section 20 on August 12, 1999, and filed a forcible detainer action against Beatrice McCloy after she claimed a right to possession.[1] The Chapter 7 bankruptcy trustee, Kent Ries, removed all pending actions to the bankruptcy court.

Ries mediated a settlement with Silverthorne, in which Silverthorne agreed to pay $10,000 to the bankruptcy estate in exchange for the release of the estate's claims to Section 20. The bankruptcy court approved the settlement, although the McCloys objected to it. The bankruptcy court also found that Section 20 was the sole-management community property of Willard McCloy and that the trustee Kent Ries had the authority to release and settle pending suits regarding Section 20. The district court affirmed the bankruptcy court's rulings. The McCloys then appealed to this court.

## II

We review the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. In the Matter of Henderson, 18 F.3d 1305, 1307 (5th Cir. 1994). We first address the McCloys' claims that the bankruptcy court lacked jurisdiction to determine Beatrice McCloy's rights as a non-debtor spouse. The McCloys argue that Section 20 is not an asset of McCloy's bankruptcy estate, because Silverthorne foreclosed on McCloy's one-half interest in Section 20 prior to the commencement of the bankruptcy proceedings, and that Beatrice McCloy retains her one-half interest in Section 20. They contend on appeal that the state court suit between Silverthorne and Beatrice McCloy over Section 20, which was removed to the bankruptcy court, therefore is not "related" to the bankruptcy proceedings. They argue that McCloy no longer had any interest in the property, and the bankruptcy court had no jurisdiction to consider the lawsuit. The McCloys did not challenge the

---

[1]Beatrice McCloy was ordered off Section 20 on December 27, 1999.

4

relatedness of the suit in the courts below.[2]  McCloy consented to the entry of an order for relief in the bankruptcy proceedings.   The appellees argue that McCloy therefore has waived any objections that he has to the bankruptcy court's jurisdiction.

However, a lack of subject matter jurisdiction may be raised at any time, and we can examine the lack of subject matter jurisdiction for the first ti me on appeal.  See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999) (citations omitted).  Therefore, we must determine if the state court suit is in fact "related" to the bankruptcy proceeding in order to assess whether the bankruptcy court properly exercised jurisdiction over the case and whether we have jurisdiction.  Under 28 U.S.C. § 157(c)(1), a bankrupt cy court may hear proceedings that are related to the bankruptcy proceeding.  We have held that a proceeding is "related" to a bankruptcy proceeding if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."  In The Matter Of: Wood, 825 F.2d 90, 93 (5th Cir. 1987) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984) (emphasis added)).

In this respect, the key issue here is whether Section 20 was Willard McCloy's sole- (or joint-) management community property or not.  Under the bankruptcy code, community property that is "under the sole, equal, or joint management and control of the debtor" is property of the bankruptcy estate.  11 U.S.C. § 541(a)(2)(A).  If Section 20 was under his control, McCloy had the authority to encumber and dispose of the property, and third parties such as Silverthorne could rely on this authority to do so.  Beatrice McCloy therefore would have no claim to the property.  State law determines whether property is classified as separate or community.  See In re Bishop College, 151

_____

[2]They did argue below that Siliverthorne had foreclosed only on McCloy's one-half interest in Section 20 and that Beatrice McCloy retained a one-half interest in the property.  However, they did not specifically challenge the "related to" jurisdiction of the bankruptcy court.

B.R. 394, 398 (N.D. Tex. 1993). Under Texas law, "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998). Clear and convincing evidence is required to prove that property is separate. Id. § 3.003(b). However, "property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in that spouse's name . . . ." Id. § 3.104(a). Further,

> A third person dealing with a spouse is entitled to rely, as against the other spouse or anyone claiming from that spouse, on that spouse's authority to deal with the property if:
> (1) the property is presumed to be subject to the sole management, control, and disposition of the spouse; and
> (2) the person dealing with the spouse:
> (A) is not a party to a fraud on the other spouse or another person; and
> (B) does not have actual or constructive notice of the spouse's lack of authority.

Id. § 3.104(b).

Here, the district court found, upon a *de novo* review, that Section 20 was the sole-management community property of Willard McCloy. This finding is fully supported by the evidence. The McCloys testified that the property was bought with community funds, making it community property. Over the years, Willard McCloy was the sole spouse to manage the property. His name alone appears on the deed. His name alone appears on the promissory notes and deeds of trust executed on the property. His name alone appears on the leases to their son, Delbert McCloy, with the exception of the final lease. This lease was entered into during the bankruptcy proceedings, and the bankruptcy court characterized it as "peculiar." Although Beatrice McCloy testified that the reason all the documents involving Section 20 were in her husband's name was because that was "just the way we did it, the way we ran our business," the bankruptcy court found that both Willard and Beatrice McCloy's names appeared on documents involving other community property that they

6

owned. Although Beatrice McCloy listed Section 20 as community property in her Chapter 12 bankruptcy, this listing does not affect the fact that Section 20 was under Willard McCloy's sole management and control. The evidence clearly supports the finding that Section 20 was McCloy's sole-management community property. He therefore had the power to encumber the entire property, and Beatrice McCloy did not continue to have an interest in the property after Silverthorne's foreclosure. It follows that Section 20 is the property of the bankruptcy estate.[3] The bankruptcy court therefore had jurisdiction over proceedings involving Section 20, as a determination as to Section 20 clearly would have an effect on the assets of the bankruptcy estate. The bankruptcy court properly asserted its jurisdiction, and jurisdiction in this court is proper.

The McCloys argue that Willams v. Portland State Bank, 514 S.W.2d 124 (Tex. Civ. App. [Beaumont] 1974), writ granted (Feb. 12, 1975), dismissed (Mar. 19, 1975), is controlling in this case and supports Beatrice McCloy's ownership of half of Section 20 after the foreclosure, but Williams is distinguishable. There, the plaintiff and her then-husband acquired a parcel of land, and both were named as grantees. Id. at 125. They then acquired a separate parcel in which only the plaintiff's husband was named as grantee. A promissory note and deed of trust on both parcels were prepared to be executed by the plaintiff and her husband, but the plaintiff refused to sign these papers, and the bank was made aware of this. Her husband alone signed the papers. The plaintiff and her husband then divorced, and she was awarded title to both parcels of land. She did not make the payments on the note. The bank provided her with notice that it planned to sell the land, and she brought suit. The

_____

[3]We note that under 11 U.S.C. § 541(a)(2)(A), even if Section 20 were McCloy's joint-management community property, it would still be the property of the bankruptcy estate.

7

court found that under Tex. Fam. Code § 5.22(c),[4] the plaintiff's husband did not have the legal authority to encumber the tract that was in both their names. Id. at 126. Here, Section 20 is only in Willard McCloy's name. As to the tract that was in the plaintiff's husband's name only, the court found that because there was no evidence that the plaintiff's husband had actual authority to encumber her interest in the land, and because the bank had actual notice that the plaintiff had not given her husband authority to do so, the bank could not encumber the plaintiff's interest in the land. Id. at 126-27. Here, Craig Silverthorne did not have notice that Willard McCloy could not encumber his wife's interest in Section 20. McCloy dealt with Section 20 as the sole manager, had the authority to encumber it, and Silverthorne could rely on this. Williams is not controlling and does not dictate a different result in this case.

III

The McCloys also argue that the bankruptcy court did not have jurisdiction over Willard McCloy because he is a farmer. Under the bankruptcy code, an involuntary bankruptcy petition cannot be brought against a farmer. 11 U.S.C. § 303(a). Although we have not addressed this specific issue before, we hold that an individual's status as a farmer does not go to the jurisdiction of the bankruptcy court over an involuntary bankruptcy petition, but instead is an affirmative defense that may be waived. We have previously held that the question of whether an individual is eligible to be a debtor under 11 U.S.C. § 109(g)[5] does not go to the subject matter jurisdiction of the

---

[4]Now Tex. Fam. Code § 3.102(c).

[5]This section provides:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--

8

bankruptcy court.  See In The Matter Of: Phillips, 884 F.2d 230, 235 n. 2 (5th Cir. 1988).  The

United States District Court for the District of Kansas referenced Phillips in In re: William J. Frusher,

124 B.R. 331, 333 (D. Kan. 1991), in which it held that a debtor's status as a farmer is not a question

of subject matter jurisdiction, but is an affirmative defense which must be raised by the debtor or is

otherwise waived.  Although 11 U.S.C. § 303(a) excepts farmers from involuntary bankruptcy

petitions under chapters 7 or 11, 11 U.S.C. § 303(h) also provides that:

> If the petition is not timely controverted, the court shall order relief against the debtor
> in an involuntary case under the chapter under which the petition was filed.
> Otherwise, after trial, the court shall order relief against the debtor in an involuntary
> case under the chapter under which the petition was filed . . . .

This provision implies that the alleged debtor must controvert his "non-farmer" status or lose any

defense he has.  See Frusher, 124 B.R. at 333.  Further, subject matter jurisdiction over bankruptcy

proceedings is provided by 28 U.S.C. §§ 157 and 1334.  The exception provided in 11 U.S.C. §

303(a) for farmers refers simply to involuntary petitions, but does not provide that there is no

jurisdiction over bankruptcy proceedings involving farmers.  See id. at 333-34 (quoting In re Johnson,

13 B.R. 342, 346 (D. Minn. 1981)).  Further, allowing a debtor to claim that he or she is a farmer at

any point in a bankruptcy proceeding (as can be done with challenges to subject matter jurisdiction)

would create "unnecessary uncertainty" in the bankruptcy process.  Frusher, 124 B.R. at 334.  See

---

> (1) the case was dismissed by the court for willful failure of the debtor to abide by
> orders of the court, or to appear before the court in proper prosecution of the case;
> or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following
> the filing of a request for relief from the automatic stay provided by section 362 of
> this title.

also Johnson, 13 B.R. at 346 (whether or not debtor is a farmer is a defense, not a jurisdictional requirement). This circumstance could interfere with the bankruptcy court's ability to reorganize debtors by allowing this question to be raised at any time, in a possibly strategic manner.[6]

McCloy did argue in his briefs filed in the bankruptcy court that he was a farmer and therefore an involuntary bankruptcy petition could not be filed against him. There is no ruling of the bankruptcy court contained within the record on appeal that specifically addresses this issue. However, in its Discharge of Willard McCloy, the bankruptcy court stated:

> It appears that a petition commencing a case under Title 11, United States Code, was filed by or against [Willard McCloy] and that an order for relief was entered under Chapter 7, and that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court [or that a complaint objecting to discharge was filed and, after due notice and hearing, was not sustained.]

According to NLI's Response to Debtor's Motion to Dismiss filed in the bankruptcy court, immediately before the hearing in which the parties were to present evidence on Willard McCloy's status as a farmer or whether he engaged in farming operations, McCloy consented to the entry of an order for relief. Further, McCloy did not argue the issue of his status as a farmer on appeal to the district court. We do not reach issues not raised before the district court. See In re Hinsley, 201 F.3d 638, 645 (5th Cir. 2000) (citing Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.), 6 F.3d 1119, 1128 (5th Cir.1993)). Therefore, because farmer status is not jurisdictional but is an

---

[6]We also note that at least two courts have held that when a farmer-debtor files for bankruptcy protection under Chapter 12, but fraud is then shown, the bankruptcy court may convert the case to Chapter 7 even though the debtor has moved to dismiss the case. See In re Graven, 936 F.2d 378, 385 (8th Cir. 1991); In re Foster, 121 B.R. 961, 961 (N.D. Tex. 1990), aff'd, 945 F.2d 400 (5th Cir. 1991) (table opinion), cert. denied, 502 U.S.1074 (1992). No fraud has been alleged in this case, but these cases do support the proposition that a bankruptcy case can proceed against a farmer-debtor under bankruptcy provisions other than Chapter 12, against the farmer's will.

10

affirmative defense that may be waived, we do not consider McCloy's argument that he is a farmer and therefore not subject to an involuntary bankruptcy proceeding.

The McCloys also argue on appeal that the involuntary petition was improperly brought because an insufficient number of creditors joined the involuntary bankruptcy petition, and that NLI's filing of the bankruptcy petition was in bad faith. These issues also were not raised before the district court, and we will not consider them now.

IV

For the stated reasons, the judgment of the bankruptcy court is

AFFIRMED.