**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 05-2015

_____

| | | |
|---|---|---|
| In re: John Samuel Marlar, | * | |
| | * | |
| Debtor, | * | |
| | * | |
| ------------------------------------------------* | | |
| John Samuel Marlar, | * | Appeal from the United States |
| | * | District Court for the |
| Debtor-Appellant, | * | Western District of Arkansas. |
| | * | |
| v. | * | [TO BE PUBLISHED] |
| | * | |
| Renee S. Williams, | * | |
| | * | |
| Trustee-Appellee. | * | |

_____

Submitted: December 16, 2005
Filed: December 22, 2005

_____

Before WOLLMAN, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

The bankruptcy court[1] denied John S. Marlar's motion to dismiss an involuntary bankruptcy petition brought against him. The bankruptcy court concluded that, for the purposes of 11 U.S.C. § 303(a), Marlar's status as a farmer was an affirmative

_____

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas.

defense that he waived by failing to raise it in a timely manner. The district court[2] affirmed. We also affirm.

In 1998, an involuntary bankruptcy petition was filed against Marlar. A hearing was held and Marlar was adjudicated a debtor. Marlar did not raise the issue of his status as a farmer at the hearing. Nearly five years later, in December 2003, Marlar filed a motion to dismiss, asserting that 11 U.S.C. § 303(a) strips bankruptcy courts of subject matter jurisdiction over involuntary bankruptcy petitions brought against farmers. In his motion to dismiss, Marlar contended that he was a farmer when the involuntary petition was filed and that, accordingly, the bankruptcy proceedings against him should be dismissed for lack of jurisdiction.

In February 2004, the bankruptcy court held a hearing at which Marlar presented evidence supporting his assertion that he met the statutory definition of a farmer. The bankruptcy court then denied Marlar's motion to dismiss without reaching the question of whether Marlar was in fact a farmer for the purposes of 11 U.S.C. § 303(a), concluding that "even if [Marlar] were a farmer at the time the involuntary petition for relief was filed against him, [his status as a farmer] was an affirmative defense which should have been pleaded and proved at the time the involuntary petition was filed."

Marlar then appealed to the district court, which agreed with the bankruptcy court's conclusion that, under 11 U.S.C. § 303(a), a debtor's status as a farmer is an affirmative defense that is waived if not timely raised. The district court held that Marlar's five-year delay in raising his status as a farmer was untimely, and that, accordingly, his motion to dismiss had been properly denied.

---

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

-2-

In this appeal, we must decide two questions. First, we must determine whether the district court erred in concluding as a matter of law that, under 11 U.S.C. § 303(a), an alleged debtor in an involuntary bankruptcy case must timely assert his or her status as a farmer as an affirmative defense, lest it be waived. If we answer this question in the affirmative, we must then determine whether the district court properly concluded that Marlar's five-year delay in asserting his status as a farmer was untimely. "We review the bankruptcy court's legal conclusions de novo and its factual findings under the clearly erroneous standard." First Nat'l Bank of Olathe, Kansas v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997).

Although our court has not previously addressed the issue raised in this case, the Fifth Circuit has held that under 11 U.S.C. § 303(a) "an individual's status as a farmer does not go to the jurisdiction of the bankruptcy court over an involuntary bankruptcy petition, but instead is an affirmative defense that may be waived." In re McCloy, 296 F.3d 370, 375 (5th Cir. 2002); see also In re Frusher, 124 B.R. 331, 333 (D. Kan. 1991); In re Johnson, 13 B.R. 342, 346 (D. Minn. 1981). We agree.

Subject matter jurisdiction over title 11 bankruptcy proceedings is provided by 28 U.S.C. § 1334, which states in relevant part that "the district court shall have original and exclusive jurisdiction of all cases under title 11." In turn, under 28 U.S.C. § 157(a), district courts may "provide that any or all cases under title 11 . . . shall be referred to the bankruptcy judges for the district." Marlar asserts that this grant of subject matter jurisdiction is defeated by the provision in 11 U.S.C. § 303(a) exempting farmers from the commencement of involuntary bankruptcy proceedings against them. As such, Marlar argues that his five-year delay in asserting his status as a farmer is irrelevant, as challenges to subject matter jurisdiction may be raised at any point in a bankruptcy proceeding. We conclude, however, that Marlar's interpretation of § 303(a) cannot be reconciled with § 303(h) or the general grant of subject matter jurisdiction in 28 U.S.C. §§ 157 and 1334.

-3-

Section 303(a) provides:

> An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

11 U.S.C. § 303(a). Thus, Marlar correctly asserts that farmers are expressly excepted from the class of persons against whom an involuntary case may be commenced under chapter 7 or 11. However, 11 U.S.C. § 303(h) provides:

> If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed . . . .

Like the Fifth Circuit, we read this provision to mean that a farmer against whom an involuntary petition is filed must timely controvert the petition by raising his or her status as a farmer in order to preclude the commencement of an involuntary case. See McCloy, 296 F.3d at 375. Thus, rather than stripping the court of subject matter jurisdiction over all cases involving farmers, the farmer exception in 11 U.S.C. § 303(a) simply provides a means for farmers to escape the commencement of an involuntary bankruptcy case against them. Accordingly, we hold that an alleged debtor must timely assert his or her status in one of the exempted categories as an affirmative defense. If the alleged debtor fails to timely raise the issue, it is waived.

To hold otherwise would interfere with the bankruptcy court's ability to proceed in involuntary bankruptcy cases and create significant uncertainty in the process, as alleged debtors could strategically raise the issue of jurisdiction at any

-4-

point in the proceedings.  See id. ("[T]his circumstance could interfere with the bankruptcy court's ability to reorganize debtors by allowing [the question of subject matter jurisdiction] to be raised at any time, in a possibly strategic manner."); Frusher, 124 B.R. at 334 ("[We are] unconvinced that Congress created a provision in the bankruptcy code which would allow the alleged debtor to play the ultimate trump card at *any* point in the involuntary bankruptcy proceeding.").

We next turn to the question of whether Marlar's five-year delay in raising the affirmative defense that he is a farmer was timely.  The record indicates, and Marlar concedes, that many hearings have been held and a number of issues have been litigated and resolved, including the sale of Marlar's property.  This supports the district court's conclusion that Marlar's motion to dismiss was untimely.  Accordingly, we affirm.

_____