United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11395
Summary Calendar

_____

KENNETH L HARRIS,

Plaintiff-Appellant,

versus

SATURN OF LEWISVILLE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
3:05-CV-00621-P

_____

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Kenneth Harris appeals the district court's dismissal of his action. Because the federal courts have no jurisdiction over this case, we must VACATE the judgment of the district court and REMAND with instructions to DISMISS.

## DISCUSSION

Kenneth Harris, a citizen of Texas, originally brought this lawsuit in Texas state court, alleging that Saturn of Lewisville had violated his rights under Texas law. Harris cited relevant Texas statutes and did not bring any federal claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saturn of Lewisville removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Harris did not file a motion to remand.

Prior to reaching the merits, we must verify, sua sponte, that jurisdiction is proper. E.g. Ross v. Marshall, 426 F.3d 745, 751 n.8 (5th Cir. 2005). "[A] lack of subject matter jurisdiction may be raised at any time, and we can examine the lack of subject matter jurisdiction for the first time on appeal." McCloy v. Silverthorne (In re McCloy), 296 F.3d 370, 373 (5th Cir. 2002).

In its notice of removal, Saturn of Lewisville admitted that it is "a Delaware corporation with its principal place of business located at 200 E. Airport Freeway, Irving, Texas 75062." Corporations can have citizenship in two places for purposes of diversity jurisdiction and 28 U.S.C. § 1332. See, e.g., Howery v. Allstate Ins. Co., 243 F.3d 912, 920 (5th Cir. 2001) (holding that because "[d]iversity of parties must be complete," to evoke diversity jurisdiction on removal, Illinois-incorporated "Allstate must establish that Allstate's principal place of business is not Texas," which was the citizenship of the plaintiff) (footnote omitted). In this case, Saturn of Lewisville and Harris are both citizens of Texas, destroying diversity. Accordingly, this court must dismiss the case for want of subject matter jurisdiction. See id. at 921.

We VACATE the judgment of the district court and REMAND this case with instructions to DISMISS the case for lack of

jurisdiction.