In re: George L. YOUNG; Professional Business Services, Inc.; United Livestock Services, LLC, f/k/a MFA Livestock Services, LLC; Rio Baca, Inc., a/k/a Rio Baca Ranch, a/k/a Rio Baca Cattle Co., a/k/a Rio Baca Feedlot; Rio Timba, Inc., Debtors.

1. An official caption containing a complete list of parties is on file and available for inspection in the Office of the Clerk of Court, United States Court of Appeals for the Eighth Circuit.

2. Section 303(a), in relevant part, provides:

Alfred Neuberger Cattle Company, Inc.; Lan Cattle Company; E & J Cattle Company; Alan J. Neuberger; U.S. Bank National Association, Appellees,

v.

George L. Young; Professional Business Services, Inc., Appellants.[1]

No. 06–1421.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 20, 2006.

Filed: Dec. 6, 2006.

Frank Wendt, Niewald & Waldeck, Kansas City, MO, T. Randall Wright, Baird & Holm, Omaha, NE, for Appellees.

Robert M. Cook, Phoenix, AZ, for Appellants.

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

PER CURIAM.

George L. Young (Young) contends the bankruptcy court lacked jurisdiction because 11 U.S.C. § 303(a)[2] divested the court of subject matter jurisdiction over involuntary bankruptcy petitions brought against farmers. In *In re Marlar,* 432 F.3d 813, 814–15 (8th Cir.2005) (per curiam), we concluded § 303(a) provides farmers with an affirmative defense to the

An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

commencement of involuntary bankruptcy petitions, and it does not strip the bankruptcy courts of subject matter jurisdiction. Young concedes *In re Marlar* is the controlling precedent and asks us to recommend to the en banc court that *In re Marlar* be overruled. We conclude *In re Marlar* controls, and we further believe *In re Marlar* was correctly decided and therefore decline the invitation to recommend this appeal be heard en banc.

We affirm the judgment of the Bankruptcy Appellate Panel.