# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1421

_____

| | | |
|---|---|---|
| In re: George L. Young; Professional Business Services, Inc.; United Livestock Services, LLC, f/k/a MFA Livestock Services, LLC; Rio Baca, Inc., a/k/a Rio Baca Ranch, a/k/a Rio Baca Cattle Co., a/k/a Rio Baca Feedlot; Rio Timba, Inc., | * * * * * * * * | |
| Debtors. | * * * | |
| _____ | | |
| Alfred Neuberger Cattle Company, Inc.; Lan Cattle Company; E&J Cattle Company; Alan J. Neuberger; U.S. Bank National Association, | * * * * | Appeal from the United States Bankruptcy Appellate Panel for the Eighth Circuit. |
| Appellees, | * * | [UNPUBLISHED] |
| v. | * * | |
| George L. Young; Professional Business Services, Inc., | * * * | |
| Appellants.[1] | * | |

_____

[1]An official caption containing a complete list of parties is on file and available for inspection in the Office of the Clerk of Court, United States Court of Appeals for the Eighth Circuit.

_____

Submitted:  October 20, 2006
Filed:  December 6, 2006
_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

George L. Young (Young) contends the bankruptcy court lacked jurisdiction because 11 U.S.C. § 303(a)[2] divested the court of subject matter jurisdiction over involuntary bankruptcy petitions brought against farmers.  In In re Marlar, 432 F.3d 813, 814-15 (8th Cir. 2005) (per curiam), we concluded § 303(a) provides farmers with an affirmative defense to the commencement of involuntary bankruptcy petitions, and it does not strip the bankruptcy courts of subject matter jurisdiction.  Young concedes In re Marlar is the controlling precedent and asks us to recommend to the en banc court that In re Marlar be overruled.  We conclude In re Marlar controls, and we further believe In re Marlar was correctly decided and therefore decline the invitation to recommend this appeal be heard en banc.

We affirm the judgment of the Bankruptcy Appellate Panel.

_____

---

[2]Section 303(a), in relevant part, provides:

An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.