# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20758
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2018

Lyle W. Cayce
Clerk

TU NGUYEN,

Plaintiff – Appellant,

v.

BANK OF AMERICA, N.A.,

Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2897

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This appeal arises as the most recent attempt by Tu Nguyen to prevent Bank of America, N.A., from foreclosing on certain property. Applying res judicata, the district court dismissed the case with prejudice after determining that it was frivolous and repetitive of numerous previous lawsuits. Bank of America now moves for dismissal of this appeal for lack of subject matter

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

jurisdiction, arguing for the first time, that Nguyen has no standing because he has no ownership or other interest in the property and requests the court take judicial notice of four exhibits which support a finding of lack of jurisdiction.[1]

"[A] lack of subject matter jurisdiction may be raised at any time, and we can examine the lack of subject matter jurisdiction for the first time on appeal." *In re McCloy*, 296 F.3d 370, 373 (5th Cir. 2002). Standing is required to show subject matter jurisdiction is satisfied. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Crane v. Johnson*, 783 F.3d 244, 251-52 (5th Cir. 2015) (quoting *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014)).

We "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b) (2). Previously, we have taken judicial notice of certified copies of a deed in the public record. *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994). Because the proposed documents are highly indisputable public records, we take judicial notice of them. These public records indicate that the property at issue is wholly owned by Tri Investment Group, LLC, not Nguyen.[2] Even if Nguyen

---

[1] The four exhibits include a certified copy of a warranty deed transferring the subject property from Nguyen to Tri Investment Group, LLC, a certified tax certificate showing Tri Investment Group is the owner of the subject property, a certified copy of the deed of trust regarding the subject property, and a civil docket sheet showing Nguyen's previous litigation.

[2] In fact, Nguyen does not contest that he transferred the subject property to Tri Investment Group, LLC in 2007.

No. 17-20758

is the manager of Tri Investment Group, LLC, "[a] member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company." Tex. Bus. Orgs. Code § 101.106(b). Therefore, he lacks standing to pursue his appeal.

We GRANT the motion to take judicial notice and DISMISS this appeal for lack of jurisdiction.