# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6013WM

_____

| | | |
|---|---|---|
| In re: George L. Young and Professional Business Services, Inc., | * | |
| | * | |
| | * | |
| Debtors. | * | |
| | * | |
| U.S. Bank N.A., Alan Messinger, | * | Appeal from the United States |
| Grauf Cattle Farms, Inc., Jeffry T. Grauf, | * | Bankruptcy Court for the |
| Mary Grauf, Jimmy Hammond, Dorothy | * | Western District of Missouri |
| Hammond and United Producers, Inc. | * | |
| | * | |
| Plaintiffs-Appellees | * | |
| | * | |
| v. | * | |
| | * | |
| George L. Young, | * | |
| | * | |
| Defendant-Appellant | * | |

_____

Submitted: December 20, 2005
Filed: January 12, 2006

_____

Before SCHERMER, MAHONEY, and McDONALD, Bankruptcy Judges

_____

McDONALD, Bankruptcy Judge.

Debtor George L. Young ("Young") appeals from the order of the bankruptcy court[1] granting several of Young's creditors (collectively "Creditors") motions for summary judgment. We affirm.

I

Young owned and operated Professional Business Services, Inc. ("PBS) (collectively "Debtors"). Several of Debtors' creditors filed an involuntary action against Debtors. Both Debtors filed an answer to the involuntary petitions stating that although they both were farmers, they consented to the bankruptcy court entering an order of relief. The bankruptcy court, therefore, entered an order of relief on August 21, 2001.

Debtors then attempted to convert the involuntary Chapter 7 cases to a proceeding under Chapter 11 pursuant to 11 U.S.C. § 706(a). One of the theories Debtors advanced in support of their motions to convert was that because they were both farmers, the bankruptcy court did not have subject-matter jurisdiction over the involuntary Chapter 7 cases under 11 U.S.C. § 303(a). The bankruptcy court rejected Debtors' argument and denied the motions to convert on November 15, 2001.

While Debtors' bankruptcy cases were proceeding, Young entered a plea of guilty in the United States District Court for Western District of Missouri to several counts of fraud relating to his management of PBS (the "Plea Agreement"). Young conceded in the Plea Agreement that he obtained credit from the Creditors by fraud. Creditors then filed several adversary proceedings against Young, arguing that Young's obligations to them were excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

---

[1] The Honorable Jerry W. Venters, Chief Judge for United States Bankruptcy Court for the Western District of Missouri.

Creditors eventually filed motions for summary judgment, asserting that Young was collaterally estopped by the Guilty Plea from arguing that he did not incur his obligations to them by way of fraud. Young responded to Creditors' motions by once again contending that because the bankruptcy court did not have subject-matter jurisdiction over the underlying involuntary case, it did not have jurisdiction over the adversary cases. Young did not argue in his response to the motions for summary judgment that he was not collaterally estopped by the Plea Agreement from asserting that his debts to Creditors were excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

The bankruptcy court once again rejected Young's jurisdictional argument and granted Creditors' motions for summary judgment. This appeal follows.

## II

Young identifies the following three orders in his notice of appeal: (1) the August 21, 2001 order of relief; (2) the November 11, 2001 order denying Debtors' motion to convert; and (3) the April 1, 2005 order granting Creditors' motions for summary on the their various adversary complaints. The first two orders are final orders in that they are a full adjudication of discrete issues within the bankruptcy case. In re McGinnis, 296 F.3d 730, 731 (8th Cir. 2002) (en banc) (involuntary order for relief); In re Cooper, 314 B.R. 628, 630 (6th Cir. B.A.P. 2004) (order denying a motion to convert from a Chapter 7 proceeding). Thus, Young was required to file his notice of appeal with respect to those order within ten days after they were entered. Bankr. R. 8002(a). This requirement is jurisdictional and if the appellant fails to timely file his notice of appeal, the appellate court lacks subject-matter jurisdiction over the appeal. In re Delta Eng'r Int'l., 270 F.3d 584, 586 (8th Cir. 2001).

Young contends that this rule is inapplicable here because he is challenging the bankruptcy court's subject-matter jurisdiction over the adversary complaints. It is true that as a general matter, an appellant may raise the issue of whether the trial court had

subject-matter jurisdiction over a case at any point, even on appeal. Harmon Industries, Inc. v. Browner, 191 F.3d 894, 903 (8th Cir. 1999). The appellate court, however, must first have subject-matter jurisdiction over the appeal before it can review any claim, including the issue of whether the trial court had subject-matter jurisdiction over the underlying case. Lang v. Lang (In re Lang), 414 F.3d 1191, 1195-96 (10th Cir. 2005). Thus, an appellate court does not have subject-matter jurisdiction over an untimely appeal claiming that the trial court lacked subject-matter jurisdiction over the underlying case. Id.

Because Young failed to timely file his notice of appeal under Bankr. R. 8002 (a) with respect to the order entering relief and the order denying Young's motion to convert, this Court does not have subject-matter jurisdiction to review those orders. Accordingly, this Court only has subject-matter jurisdiction to review the bankruptcy court's order granting Creditors' motions for summary judgment.

III

This court will affirm the bankruptcy court's order granting Creditors' motions for summary judgment if, after viewing the record in the light most favorable to Young, there are no genuine issues of material fact in dispute so that Creditors are entitled to judgment as a matter of law. Maxfield v. Cintas Corp. No. 2, 427 F.3d 544, 549-50 (8th Cir. 2005). We will review the bankruptcy court's grant of the Creditors' motions for summary judgment de novo. U.S. Fidelity & Guarantee Ins. Co. v. Commercial Union Midwest Inc., 430 F.3d 929, 933 (8th Cir. 2005).

IV

The sole basis for Young's challenge to the bankruptcy court's order granting Creditors' motion for summary judgment is that the court lacked subject-matter jurisdiction over the underling involuntary Chapter 7 case. Young argues that because he was a farmer, 11 U.S.C. § 303(a) deprived the bankruptcy court of subject-matter

jurisdiction over the underlying Chapter 7 case. This argument misconstrues the nature of section 303(a).

Section 303(a) recites in relevant part that "An involuntary case may be commenced . . . only against a person, except a farmer . . .". The Eighth Circuit has recently addressed the exact issue on appeal and has held that section 303(a) is not a grant of subject-matter jurisdiction to the bankruptcy court. Marlar v. Williams (In re Marlar), No. 052015 slip op. at 2. (8th Cir. filed Dec. 22, 2005). Rather, the bankruptcy court's subject-matter jurisdiction over any case under the Code is conferred by 28 U.S.C. §§ 157 & 1334. Id. Section 303(a) simply defines the parties' substantive rights. Id. An alleged debtor's status as a farmer, therefore, is an affirmative defense to an involuntary petition under section 303(a). Id.

If the alleged debtor fails to assert his status as a farmers as a defense to an involuntary petition prior to the bankruptcy court entering an order for relief, then he waives that defense. Id.; 11 U.S.C. § 303(h). Accordingly, if an alleged debtor believes he is a farmer but nonetheless consents to bankruptcy court entering an order of relief on the involuntary petition, he waives his farmer defense to the involuntary petition. In re McCloy, 296 F.3d 370, 376 (5th Cir. 2002).

Here, the record reveals that although Young stated that he was a farmer in his answers to the involuntary petition, he expressly consented to bankruptcy court issuing an order of relief. Young did not raise his farmer status as a defense to the involuntary petition until he filed his motion to convert his cases to a Chapter 11. Accordingly, after reviewing the record in the light most favorable to Young, there are no material facts in dispute that the bankruptcy court had subject- matter jurisdiction over the Creditors' adversary complaints. The bankruptcy court, therefore, did not err in granting Creditors' motions for summary judgment.

## V

Young additionally contends that the bankruptcy court somehow violated his rights under the Fourth and Fifth Amendments. Young does not cite any specific action or order of the bankruptcy court that deprived him of his constitutional rights. The Court surmises that Young's argument is premised on the fact that once the bankruptcy court entered the order for relief, he was required to turnover his business records to the trustee. Therefore, Young appears to maintain that because the trustee turned those records over to the United States Attorney, the entire bankruptcy process deprived him of his rights against illegal searches and seizures and self-incrimination.

Young failed to present this issue to bankruptcy court. Young also did not advance this position at oral argument. Accordingly, Young failed to preserve this argument for appellate review and this Court will not review that argument in the first instance on appeal. First Bank Investors' Trust v. Tarkio College (In re Tarkio College), 129 F.3d 471, 476-77 (8th Cir. 1997).

## VI

After reviewing the record in the light most favorable to Young, it is clear that Young explicitly consented to the bankruptcy court entering an order for relief on the involuntary petition. The bankruptcy court, therefore, had subject-matter jurisdiction over Young's involuntary Chapter 7 case and the Creditors' adversary complaints. Accordingly, there are no material facts in dispute so that the Creditors were entitled to judgment as a matter of law. Thus, the bankruptcy court did not err in granting the Creditors' motion for summary judgment.

Young additionally failed to preserve his constitutional argument for appellate review. Young also failed to timely appeal the bankruptcy court's order of relief on the involuntary petition and the order denying Young's motion to convert his case to a proceeding under Chapter 11. Accordingly, the judgment of the bankruptcy court is affirmed.

_____