**In re Robert J. MASON, Debtor.**

**Bankruptcy No. 80–00433.**

United States Bankruptcy Court,
D. Nevada.

June 23, 1981.

See also, Bkrtcy., 12 B.R. 318.

Robert L. Stickney, Inmate Counsel Substitute, Northern Nevada Correctional Center, Carson City, Nev., for debtor.

## ORDER DENYING MOTIONS TO VACATE ORDER FOR RELIEF AND TO REMOVE TRUSTEE

BERT M. GOLDWATER, Bankruptcy Judge.

### I.

On May 5, 1981, debtor moved to vacate the Order for Relief entered on August 5, 1980. The ground of the motion is that the original petition did not comply with 11 U.S.C. § 303(b)(1) which provides that where there are twelve or more holders of claims, an involuntary bankruptcy can be commenced by three or more entities having noncontingent claims aggregating at least $5,000.

The involuntary petition was filed June 30, 1980 by two entities. Soon thereafter, the debtor met with his regular business attorney and an attorney specially employed to advise as to the bankruptcy petition. The lack of sufficient number of entities was discussed among debtor and counsel. Bankruptcy counsel Bruce D. Roberts advised that an objection would only result in an amendment of the defect. [*See* Bankruptcy Rules, Rule 104(e).]

The petition was not controverted and an Order for Relief was entered. 11 U.S.C. § 303(h). Statement of Financial Affairs and Bankruptcy Schedules were filed August 25, 1980.

At the hearing on the motion, debtor stated that he specifically instructed Mr. Roberts to object to the lack of three petitioners. Mr. Roberts testified there was no such instruction from debtor; further, that debtor agreed to follow his advice that no objection be made because (1) all creditors were stayed by the filing of the petition [11 U.S.C. § 362(b)] and (2) an Order for Relief under Chapter 7 could be converted to a Chapter 11 (11 U.S.C. § 706) for a plan to pay the creditors if debtor could find financing while the creditors were stayed. Mr. Roberts stated that, in his opinion, debtor had no defense to the petition.

There is no showing that, if the Order for Relief was vacated, no other creditor would join in the petition, and, thus, it would fail for lack of three petitioners. In addition, there is no showing of any meritorious defense to the petition should the Order for Relief be vacated.

A petition for involuntary bankruptcy which is not controverted as to the proper number of petitioning creditors results in a valid Order for Relief. The jurisdictional defect is cured by failing to object. *See In re National Republic Co.,* 109 F.2d 167 (7th Cir. 1940). *See also In re Earl's Tire Service,* 6 B.R. 1019 (1980).

The motion to vacate the Order for Relief is denied.

## II.

 Debtor also moved to remove the trustee. The motion is grounded upon failure of the trustee to review the unsecured claims[1] and conduct an investigation of the debtor's estate. Debtor also contends that the trustee has acted in bad faith. Not one ground was established. Rather, it appears the trustee has a competent grasp of the problems in the estate and is tending to the very resolution which the debtor himself planned to make before bankruptcy.

The debtor's motion to remove Jeri Coppa, Trustee, is denied.

---

1. The time for filing claims did not expire until April 21, 1981. Debtor's motion was filed April 29, 1981. The trustee testified that claims will be reviewed and may be objected to when the estate is ready to distribute.