In re Robert J. MASON, Debtor.

Robert J. MASON, Appellant,

v.

INTEGRITY INSURANCE COMPANY and Sherwood & Roberts, Inc., Appellees.

BAP No. NV 81–1152 EHV. Bankruptcy No. 80–00433.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Submitted Feb. 10, 1982. Decided March 17, 1982.

Robert Stickney, Inmate Counsel Substitute, Northern Nevada Correctional Center, for appellant.

Mary Kristina Pickering, Lionel, Sawyer & Collins, Reno, for appellees.

## MEMORANDUM

Before ELLIOTT, HUGHES and VOLINN, Bankruptcy Judges:

This is an appeal from an order denying debtor's motion to vacate the order for relief entered in this case. 12 B.R. 316. We affirm.

Two creditors of Robert J. Mason filed an involuntary petition against him on June 30, 1980. The petition contained no allegation that Mason had fewer than 12 creditors as required by 11 U.S.C. § 303(b)(2). Nevertheless, the petition was not opposed and on August 25, 1980 an Order for Relief was entered. On May 5, 1981, more than eight months after the Order for Relief was entered, Mason moved to vacate the Order on the grounds that the original petition had not been joined in by the required three creditors. The trial court denied the motion and Mason appealed.

Mason appeals the order on the grounds that because the petition was defective, the Bankruptcy Court was without jurisdiction to enter its order. Defects in the creditors' petition do not deprive the Bankruptcy Court of subject matter jurisdiction and were waived by the debtor Mason when he failed to answer. *In re Earl's Tire Service* (D.C.Del.1980) 6 B.R. 1019. As stated in *General Kontrolar Co. v. Allen*, (6th Cir. 1941), 124 F.2d 123, 127.

Unlike requirements of residence or domicile, a defect as regards the number of creditors may be waived.

See also *Commercial Credit Corp. v. Skutt*, (8th Cir. 1965), 341 F.2d 177 (failure of creditors' petition to allege insolvency did not preclude order for relief when not opposed by bankrupt).

At the hearing on the motion to vacate, Mason failed to present evidence that were the order vacated, a third creditor would not join in the petition, see Bankruptcy Rule 104(e). Nor did he attempt to show that he had any meritorious defense to the petition. The record does indicate substantial administrative and judicial effort had been expended during the pendency of the case. Under these circumstances, the trial court's refusal to vacate the order for relief was not an abuse of discretion.

AFFIRMED.