**In re Ruby M. RIGGAN, Debtor.**

**Bankruptcy No. 89–24277–D.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

July 25, 1989.

Rex L. Brasher, Jr., Memphis, Tenn., for Ruby Riggan.

Charles B. Welch, Memphis, Tenn., for Fidelity Nat. Bank.

Michael Coury, John Marshall, Memphis, Tenn., for Charles Riggan.

## ORDER

BERNICE BOUIE DONALD,
Bankruptcy Judge.

This core proceeding[1] came on for expedited hearing on debtor's "Motion to Set Aside Order of Relief" pursuant to Fed.R. Civ.P. 59 and 60(b) and Bankruptcy Rule 9024. The sole issue for judicial determination is whether good cause exists for setting aside the order for relief. The following shall constitute findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052.

## CASE HISTORY

Fidelity National Bank ("FNB"), and Frazee, Thomas, Tate ("Frazee"), creditors, filed a petition under 11 U.S.C. § 303, June 9, 1989, to force the debtor into involuntary bankruptcy. The creditors allege among other things that the debtor has fewer than twelve (12) creditors, and that debtor is not paying debts as they become due. The debtor was served with the petition June 10, 1989. Contemporaneous with the filing of the involuntary petition, the creditors filed an adversary complaint seeking injunctive relief under Fed.R.Civ.P. 65 and Bankruptcy Rule 7065. The court issued a temporary restraining order June 9, 1989. The matter was set for a hearing on prelim-

---

1. 28 U.S.C. § 157(b)(2)(A).

**678**

inary injunction June 28, 1989.[2] The court entered an order June 30, 1989, denying the motion for preliminary injunction. On June 28, 1989, debtor filed a document entitled "Defendant's Response to Complaint for Temporary Injunction", which included the sworn affidavit of the debtor. No other documents were filed by the debtor, and subsequently an Order for Relief was entered pursuant to 11 U.S.C. § 303(h). The debtor contests the involuntary petition, and now seeks to have the order for relief set aside.

As grounds for the relief sought, the debtor alleges that there was a mistake in that the debtor answered both the adversary complaint and the involuntary petition in the document filed under the general bankruptcy case number. Debtor relies on Fed.R.Civ.P. 60(a) and (b) for relief.

## DISCUSSION

11 U.S.C. § 303 governs the commencement of an involuntary case under the Bankruptcy Code. Specifically, 11 U.S.C. § 303(b) provides in relevant part:

**§ 303. Involuntary cases.**

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title.

Section 303(h) mandates the court to enter an order for relief if the petition is not controverted.

Bankruptcy Rule 1011(a) and (b) provide that a debtor named in an involuntary petition may contest the petition by filing an objection in the form of a responsive pleading within twenty (20) days after the summons is served.

The creditors argue that section 303 of the Bankruptcy Code mandates the order for relief be entered because debtor failed to contest the petition by filing an objection in the manner prescribed by Fed.R.Civ.P. 12. Further, creditors aver that no cause exists for setting the order for relief aside.

The debtor filed a responsive pleading June 28, 1988, within 20 days of service of the summons, however, the sufficiency of that pleading is questionable. Albeit the caption of the responsive pleading was styled "Defendant's Response to Complaint for Temporary Injunction", the pleading contained the general case number, and on its face made no reference to the adversary proceeding which was the Motion for Temporary Injunction. The body of the responsive pleading specifically addressed each allegation in the involuntary petition.

Within the responsive pleading, the debtor not only contested the allegations in the involuntary petition, but also attacked the sufficiency of the involuntary petition.

Particularly, the debtor (defendant) alleged that "the defendant would affirmatively show that this petition for an injunction or injunctive relief should be denied for the following reasons":

A. Your defendant has more than 12 creditors and 11 U.S.C. § 303 provides that where a debtor has 12 creditors or more, 3 creditors must unite in order to force the debtor into involuntary bankruptcy. Attached as Exhibit C is the affidavit of the defendant herein setting out creditors numbering more than 12.

B. The claims of both plaintiffs are being actively disputed in the Circuit Court of Shelby County, Tennessee.

C. Your defendant is not bankrupt.

D. The stock in question is pledged to First Tennessee Bank as security for previous debts and the option to purchase held by Union Planters would cause the proceeds to go to the defendant's secured creditors, not Fidelity National Bank.

■ The creditors seek a strict application of the statutory language and argue that the Code provides no basis for setting aside the order for relief where there is noncompliance with the Code by failing to file an answer within 20 days. However, Bankruptcy Rules 9023 and 9024 show that the Fed.R.Civ.P. 59 and 60 respectively apply to cases under the Bankruptcy Code.

2. The hearing was first set June 19, 1989, however, at the request of debtor's counsel, the

matter was adjourned to June 28, 1989.

Rule 60(b) holds that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect .. or (6) any other reason justifying relief from the operation of the judgment". The order for relief in the instant case was entered by default after no document styled "answer to involuntary petition" or similar caption was filed. In exercising discretion under Rule 60(b), courts should be guided by the fact that default judgments are not favored in the law. Wright, Law of Federal Courts, § 98, p. 489 (3rd ed. 1976). Yet, rules that require a responsive pleading within a limited time serve important social goals, and a party should not be able to flaunt them with impurity. *Id.* Therefore, a court considering granting relief from a judgment should not do so lightly, but, should carefully weigh the interest of both parties and should balance the equities. Reliance on the Bankruptcy Code, chapter and verse, is laudable, but statutory detail should never obscure fair and equitable principles. *In re Jones*, 490 F.2d 452 (5th Cir.1974). While the debtor did not technically comply with the literal requirement of the statute, there was substantial compliance, such to put the creditor on notice that the matter was controverted. The creditor would have the court hold that a defective answer is tantamount to no answer, and find that no cause exists for setting aside the order for relief.[3] The court cannot ignore the fact that the debtor has been active in the case from the date of service of the involuntary petition. The debtor obtained counsel, who vigorously and successfully defended a motion for injunctive relief. Further, the debtor filed a written answer to an adversary complaint and an affidavit, and within the context of that answer contested the allegations of the involuntary

petition. At paragraph 9(A), the debtor stated that she has more than twelve (12) creditors, (E) that she is not bankrupt, and (e) that FNB is an unsecured creditor, and would have no interest in the proceeds from the sale of the stock in question. The debtor's affidavit disputes that Frazee is a proper creditor. There can be little doubt, from even the most uninformed, that the debtor intended to contest the involuntary petition. In the case the mistake, inadvertence or negligence of debtor's counsel should not unalterably cast the debtor into the abyss of bankruptcy.

The creditors argue that the debtor waived any possible defects in the petition citing *In re Mason*, 20 B.R. 650 (Bankr. 9th Cir.1982). *In re Mason*, however, may be distinguished as it involved a case where the debtor did not respond to the petition and waited some eight (8) months after the order for relief was entered. The instant debtor has been vigilant in this case, from the date of service of the summons.

The language in *In re Jones*, emphatically sums this situation. The court in *In re Jones* opined:

> The Bankruptcy Act was intended to be a sturdy bridge over financially troubled waters by means of which "the honest but unfortunate debtor" may reach "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 1934, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235. We refuse to make it a treacherous tightrope on which the slightest misstep spells disaster and over which only the most accomplished acrobat can successfully pass. *In re Jones*, 490 F.2d at 457.

This is even more true, where the debtor is not voluntarily seeking bankruptcy.

---

**3.** Creditors cite *United States v. Erdoss*, 440 F.2d 1221 (2nd Cir.1971), which held that "when a conscious decision has been made by counsel, ignorance of law is not the sort of excusable neglect contemplated by [the] rule." In the instant case, debtor's attorney apparently understood the Code requirement of refuting the petition by objection in order to contest the petition. Therefore, he was not ignorant of the law. Further, filing the response to complaint by debtor's attorney does not, in the court's eyes rise to a level of incompetence. Cf., *Clark v. Burkle*, 570 F.2d 824 (8th Cir.1978).

**680**

Creditors have cited cases that hold where a debtor has failed to appear or contest a petition within the 20 day period, the order for relief should not be set aside. However, those cases do not deal with a factually analogous situation where the debtor filed a defective answer. Inasmuch as the instant debtor timely filed a responsive pleading that controverted the issues contained in the involuntary petition, and the creditors were put on notice, it would be manifestly unjust to allow the creditors to take advantage of the default by a technicality.

11 U.S.C. § 105 gives the court broad equitable power to prevent "an abuse of process". See, 11 U.S.C. § 105 and Bankruptcy Rule 9024 and 7015. Should the order for relief not be set aside, just such an abuse would occur.

■ While the court's orders must have finality, the finality cannot exist unalterable where to do so would work injustice as to any party.

■ Therefore, in the instant case, based on Fed.R.Civ.P. (6)(b), 59, 60(b), the court will deem the June 28 responsive pleading filed by the debtor an answer to the involuntary petition, and will allow the debtor five (5) days to amend said answer pursuant to Bankruptcy Rule 7015. The court will set aside the order for relief, and direct the clerk to set the matter for a hearing pursuant to 11 U.S.C. § 303.

IT IS SO ORDERED.