FILED
United States Court of Appeals
Tenth Circuit

February 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re:  ELIZABETH C. MITCHELL,

        Debtor.

------------------------------------

ELIZABETH C. MITCHELL,

        Appellant,

v.

JEFFREY WEINMAN; WILLIAM
RICHEY; LOIS ALCORN; THOMAS L.
ALCORN; BOULDER NETWORKS,
LLC; OPUS TECHNOLOGY, LLC;
DANIEL A. NOVEN; RUSSEL
TORTERE; WAYNE PRATT;
UNITED STATES TRUSTEE,

        Appellees.

_____

In re: CHAMELEON
ENTERTAINMENT SYSTEMS, INC.,

        Debtor.

------------------------------------

ELIZABETH C. MITCHELL,

        Appellant,

v.

JEFFREY WEINMAN; WILLIAM
RICHEY; LOIS ALCORN; THOMAS L.
ALCORN; BOULDER NETWORKS,

No. 13-1013
(BAP No. 11-086-CO)
(BAP)

No. 13-1014
(BAP No. 11-087-CO)
(BAP)

LLC; OPUS TECHNOLOGY, LLC;
DANIEL A. NOVEN; RUSSELL
TORTERE; CHAMELEON JUSTICE
ASSOCIATION, LPA; ARDEN
HOOPER; UNITED STATES
TRUSTEE,

    Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

In appeal number 13-1013, Elizabeth Mitchell, proceeding pro se, appeals from a decision of the Bankruptcy Appellate Panel ("BAP") that affirmed the bankruptcy court's orders denying her motion to reopen her dismissed involuntary case and denying reconsideration of that order. In appeal number 13-1014, Mitchell appeals from the BAP's affirmance of the bankruptcy court's order denying a motion to reopen the closed involuntary case of Chameleon Entertainment Systems, Inc. ("Chameleon"), as well as an order denying reconsideration. Exercising our

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we affirm in appeal number 13-1013. We dismiss appeal number 13-1014.

## I

In January 2007, Lois Alcorn, Thomas Alcorn, and Daniel Coven (the "Petitioning Creditors"), filed separate involuntary Chapter 7 petitions against Mitchell and Chameleon pursuant to 11 U.S.C. § 303. At that time, Mitchell was the majority shareholder of Chameleon. Mitchell successfully moved to have the two cases jointly administered.

Mitchell and Chameleon filed motions to dismiss in both cases, arguing the involuntary petitions failed to comply with the requirements in § 303(b)(1) and were filed in bad faith. The bankruptcy court scheduled a hearing on the motions to dismiss, but the day before the hearing, Mitchell and Chameleon filed a notice of impending settlement and a motion to vacate the hearing. The bankruptcy court vacated the hearing that same day.

Mitchell and Chameleon then filed a second motion to dismiss, premised on a settlement agreement between the parties. The agreement provided for the dismissal without prejudice of the involuntary case against Mitchell. With respect to Chameleon, the agreement provided that if Chameleon paid $75,000 to the Petitioning Creditors by a certain date, the involuntary petition would be dismissed. If payment was not made, the involuntary case would be deemed confessed and an order for relief would enter. Mitchell signed the settlement agreement individually and on behalf of Chameleon.

In January 2008, attorney Jeffrey Weinman, on behalf of Mitchell and Chameleon, filed a motion requesting the entry of an order of dismissal in Mitchell's case and an order for relief in Chameleon's case as the funds required to dismiss the corporate case had not been paid. A copy of the motion was mailed to Mitchell. On February 6, the bankruptcy court dismissed Mitchell's case and entered an order for relief in Chameleon's case.

## II

After February 6, 2008, the two cases had somewhat divergent paths. We address case number 13-1013 first.

### A

Mitchell filed three separate motions in 2011 to reopen her involuntary bankruptcy case. All of the motions were denied. After the bankruptcy court denied her third motion, which sought to reopen her case pursuant to 11 U.S.C. § 350 and also requested relief pursuant to Fed. R. Civ. P. 60, she filed a motion for reconsideration. The bankruptcy court denied that motion as well. Mitchell then filed an appeal with the BAP seeking review of the bankruptcy court's denial of her third motion to reopen and the denial of her motion for reconsideration. The BAP affirmed the bankruptcy court's decisions. This appeal followed.

### B

Although this appeal is from a BAP decision, we independently review the bankruptcy court's orders. See Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete), 412 F.3d 1200, 1204 (10th Cir. 2005). The BAP is a subordinate appellate

court not entitled to deference, but its rulings are often persuasive. See C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.), 625 F.3d 1240, 1244 (10th Cir. 2010). We review for abuse of discretion the bankruptcy court's orders denying the motion to reopen, the request for relief under Rule 60, and the motion for reconsideration. See Rafter Seven Ranches L.P. v. C.H. Brown Co. (In re Rafter Seven Ranches L.P.), 546 F.3d 1194, 1200 (10th Cir. 2008) (motion to reconsider); LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003) (motion for 60(b) relief); Woods v. Kenan (In re Woods), 173 F.3d 770, 778 (10th Cir. 1999) (motion to reopen).

Mitchell is proceeding pro se, so we must liberally construe her briefs, but we cannot assume the role of her attorney and construct arguments for her. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Much of Mitchell's opening brief attacks the merits of the involuntary petitions filed in 2007 and the validity of the settlement agreement she entered into that same year. Mitchell also appears to attack the dismissal order entered in 2008, arguing for reversal of the order. But neither the petitions nor the settlement agreement may be directly reviewed in this appeal and Mitchell similarly did not timely appeal from the dismissal order. Our review is limited to the 2011 order denying her third motion to reopen her case and vacate the dismissal order, and her motion to reconsider the denial of that motion.

**1**

Mitchell briefly argues that the bankruptcy court erred in denying her motion to reopen pursuant to § 350 because, she alleges, the court already vacated the order

closing the case and the court clerk simply failed to update the electronic status. The bankruptcy court orders upon which Mitchell relies do not support her conclusion, and we do not conclude that the bankruptcy court abused its discretion. To the extent that Mitchell's reply brief may contain additional arguments that the case should be reopened, we do not consider them. See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002) (we do not "consider arguments raised for the first time in a reply brief").[1]

**2**

The focus of Mitchell's appeal is on the bankruptcy court's denial of her Rule 60(b) request to vacate the order of dismissal and the settlement upon which it was based. Mitchell's primary argument is that the bankruptcy court lacked jurisdiction to approve the settlement agreement and enter the dismissal order because it failed to

---

[1] Mitchell also argues for the first time on appeal that Stern v. Marshall, 131 S. Ct. 2594 (2011), rendered 28 U.S.C. § 1334, which provides for federal-court jurisdiction over bankruptcy cases and proceedings, unconstitutional when applied to an involuntary petition. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) ("[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." (quotation omitted)). As our sibling circuits have recognized, however, Stern was a limited holding regarding a counterclaim by an estate against a person filing a claim against the estate. See First Nat'l Bank v. Crescent Elec. Supply Co. (In re Renaissance Hosp. Grand Prairie Inc.), 713 F.3d 285, 294 n.12 (5th Cir. 2013); Quigley Co. v. Law Offices of Peter G. Angelos (In re Quigley Co.), 676 F.3d 45, 52 (2d Cir. 2012); see also Stern, 131 S. Ct. at 2620 (stating that the question presented in the case "is a 'narrow' one"). In Stern, the Court held that Congress could not remove the common law counterclaim at issue from the Article III courts, 131 S. Ct. at 2611-15, but the Supreme Court has stated that an involuntary proceeding in bankruptcy is not "in the nature of a common-law action," Meek v. Centre Cnty. Banking Co., 268 U.S. 426, 429 (1925). Thus, Stern does not create jurisdictional concerns for the bankruptcy court in this matter.

first determine whether the threshold requirements of jurisdiction and standing had been satisfied as to the involuntary petitions. A party may seek relief from a final judgment under Rule 60(b)(4) if the judgment is void. Because Mitchell contends that the bankruptcy court lacked jurisdiction, she argues that the dismissal order based on the settlement agreement is void and should have been vacated.

This argument relates to Mitchell's first motion to dismiss, in which she argued that the Petitioning Creditors had not met the requirements of § 303(b)(1).[2] In that motion, Mitchell asserted that the three-petitioner requirement and the undisputed-claim requirements had not been met. She contends that the bankruptcy court could not have jurisdiction until it resolved her argument regarding the requirements of § 303(b)(1).

In considering this issue, the BAP noted that the language in § 303(b) contains no explicit reference to its requirements being jurisdictional in nature. The BAP also analyzed the language in § 303(c), (h), and (j), noting that these sub-sections suggest that the requirements of § 303(b) are not necessary to the bankruptcy court's subject

---

[2] 11 U.S.C. § 303(b)(1) provides:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
       (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,325 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims[.]

matter jurisdiction. The BAP recognized that other circuits, as well as the leading commentators, have reached the same conclusion. See, e.g., Adams v. Zarnel (In re Zarnel), 619 F.3d 156, 169 (2d Cir. 2010); Trusted Net Media Holdings, LLC v. The Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC), 550 F.3d 1035, 1041 (11th Cir. 2008) (en banc) (collecting cases). The BAP therefore determined that the bankruptcy court had subject matter jurisdiction over Mitchell's involuntary case when it was filed, and that Mitchell's § 303(b)(1) challenge did not strip the court of jurisdiction over the case. We agree.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Davis v. Kan. Dep't of Corrs., 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation omitted). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." Id. (quotation omitted). Mitchell has failed to demonstrate that the bankruptcy court abused its discretion in denying her request to vacate the dismissal order. Likewise, she has failed to demonstrate that the bankruptcy court abused its discretion in denying her motion to reconsider the denial order. For the foregoing reasons, and substantially for the reasons more fully stated in the BAP's decision, we affirm the bankruptcy court's orders. We deny as moot Mitchell's Motion for Summary Disposition.

In February 2008, two weeks after the bankruptcy court entered the dismissal order in Mitchell's involuntary case and the order of relief in Chameleon's involuntary case, Chameleon filed a motion to dismiss its case, asserting that Mitchell would be unable to assist in the preparation of statements and schedules due to her health problems. After a series of hearings on Mitchell's health, the bankruptcy court denied the motion to dismiss.

In September 2009, Chameleon, now represented by a new attorney, filed a motion to set aside the settlement agreement. While that motion was pending, Chameleon's attorney withdrew from the case. Mitchell then filed three motions seeking to intervene on behalf of Chameleon, but they were all denied. Mitchell did not appeal from the denials of her motions to intervene.

In March 2010, the bankruptcy court denied the motion to set aside the settlement agreement, treating it as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60, because it had been filed more than ten days after the February 2008 dismissal order and order of relief. The bankruptcy court concluded that: (1) Mitchell's claims that she was misled by her attorney or did not understand the effect of the settlement agreement could not form the basis for relief because those claims were untimely under Rule 60(c); (2) any claims based on Rule 60(b)(6) were not filed within a reasonable time; and (3) it would not be equitable to unwind the

settlement agreement because the Trustee had been administering the case for two years and both parties had taken actions in reliance on the settlement agreement.

In August 2010, the Trustee filed a Report of No Distribution. Chameleon, represented by a third attorney, filed a motion to dismiss for lack of subject matter jurisdiction. Mitchell also individually filed an objection to the Trustee's report, as well as several motions seeking to set aside the settlement agreement. The bankruptcy court requested briefing from Mitchell as to whether she had standing to object to the Trustee's report or file other motions in the case.

In March 2011, the bankruptcy court denied Chameleon's motion to dismiss, concluded that Mitchell lacked standing to seek the relief she had requested in her various pleadings, accepted the Trustee's Report of No Distribution, and ordered that the case be closed.

In April 2011, Chameleon and Mitchell filed a combined motion to reopen Chameleon's bankruptcy case. As part of that motion, Mitchell argued in a conclusory fashion that she possessed standing to object to the Trustee's report and to seek other relief because she was an indispensable party to the action.

The bankruptcy court denied the motion to reopen without specifically addressing Mitchell's conclusory assertions on standing. In its denial order, the court noted that there would be no benefit to reopening Chameleon's bankruptcy case because the estate was insolvent. The bankruptcy court also denied Chameleon and Mitchell's combined motion for reconsideration of the denial order.

Chameleon and Mitchell appealed the denial of the motion to reopen and the denial of the motion to reconsider to the BAP. The BAP affirmed the bankruptcy court's decisions.

**B**

The appellees contend that Mitchell is not a proper party to this appeal and note that Chameleon, the sole debtor below, did not file an appeal from the BAP's decision. Instead, Mitchell, proceeding pro se, filed the notice of appeal in this court. In it, she stated that she was appealing as Elizabeth Mitchell d/b/a Chameleon Entertainment Systems, a sole proprietorship. She included a footnote in which she asserted that Chameleon the corporation had been dissolved and that the sole proprietorship was the successor-in-interest and real-party-in-interest for Chameleon.

Mitchell has provided no evidence to support her contention that her sole proprietorship is the successor in interest to Chameleon the corporation. In addition, she has not filed a proper motion to substitute pursuant to Fed. R. App. P. 43. Chameleon is the only proper party to appeal from the bankruptcy court orders that were adverse to it, but Chameleon has not appealed. Because Mitchell has not established she has the legal authority to bring a pro se appeal on Chameleon's behalf, her sole proprietorship is not a proper party to this appeal and we will not consider any of the arguments in her brief in which she attempts to challenge the bankruptcy court's decisions as they relate to Chameleon. See Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir. 1991).

Mitchell also stated in the notice of appeal that she is appealing individually from the bankruptcy court's decisions. Mitchell sought to intervene in Chameleon's case, but the bankruptcy court denied her requests. She did not appeal from the denial of her requests to intervene. "An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to the action . . . . Thus, an appeal from the denial of intervention cannot be kept in reserve; it must be taken within thirty days of the entry of the order, or not at all." Plain v. Murphy Family Farms, 296 F.3d 975, 980 (10th Cir. 2002) (quotation omitted). Because Mitchell was not a party in Chameleon's bankruptcy case and did not timely appeal the denial of her motion to intervene, she cannot attack the bankruptcy court's judgments in the present appeal.

We note that Mitchell did join with Chameleon in the motion to reopen. The bankruptcy court concluded that she lacked standing. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." Marino v. Ortiz, 484 U.S. 301, 304 (1988). Mitchell's attempt to participate in the motion to reopen cannot cure her failure to appeal the denial of her motions to intervene. Mitchell is not an appropriate party to the appeal, and therefore the appellees' Motion to Dismiss is granted. We deny Mitchell's Motion for Summary Disposition as procedurally improper.

## IV

For the foregoing reasons, we **AFFIRM** the bankruptcy court's judgments in appeal number 13-1013 and **DISMISS** appeal number 13-1014.

Entered for the Court


Carlos F. Lucero
Circuit Judge