FILED

MAR 22 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>BELLA HOSPITALITY GROUP, LLC,<br>　　　　　　　Debtor. | BAP No. NV-22-1144-BGC<br><br>Bk. No. 2:22-bk-10452-abl |
| SPHERE ACQUISITION, LLC,<br>　　　　　　Appellant,<br>v.<br>BELLA HOSPITALITY GROUP, LLC;<br>TROY STEPHENS FOX, Chapter 7<br>Trustee,<br>　　　　　　Appellees. | **OPINION** |

Argued and Submitted February 24, 2023 at Las Vegas, Nevada

Appeal from the United States Bankruptcy Court
for the District of Nevada
August B. Landis, Chief Bankruptcy Judge, Presiding

Before: BRAND, GAN, and CORBIT, Bankruptcy Judges.

APPEARANCES:
Brett A. Axelrod of Fox Rothschild LLP argued for appellant; Theresa Mains argued for appellee, Bella Hospitality Group, LLC

BRAND, Bankruptcy Judge:

## INTRODUCTION

Appellant Sphere Acquisition, LLC ("Sphere") appeals an order

1

dismissing the involuntary chapter 7[1] case Sphere filed against Bella Hospitality Group, LLC ("Bella"). Prior to filing the petition against Bella, Sphere purchased a claim from one of Bella's creditors. After Sphere filed the petition, Bella did not oppose entry of the order for relief. Months later, Bella moved to dismiss the case, arguing that the bankruptcy court lacked subject matter jurisdiction because Sphere was an unqualified petitioning creditor under § 303(b). Specifically, Sphere had not filed with the petition the required Rule 1003(a) statement, that a claim was not transferred to Sphere for the purpose of commencing the chapter 7 case. The bankruptcy court agreed that the defect of the omitted statement was jurisdictional, and it dismissed the case based on Sphere's lack of standing.

The bankruptcy court erred in determining that the omitted Rule 1003(a) statement was subject matter jurisdictional. The Ninth Circuit has held that the requirements of § 303(b) are not subject matter jurisdictional, but rather substantive, and are waivable. Bella waived this defense by failing to respond to the petition. Accordingly, we REVERSE and REMAND.

## FACTS

Bella is a single-asset Nevada LLC. Ms. Amy Hsiao holds an 85% interest in Bella. In 2019, Bella entered into an agreement with the City of

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Henderson, Nevada to purchase three parcels of land for $1,155,211 for the purpose of a joint development project in downtown Henderson. Problems with the project ensued.

In 2021, Bella sued the City of Henderson, Ed Vance & Associates Architects ("EVA"), and others in Nevada state court for various contract and tort claims. During the litigation, EVA recorded a notice of lien against two of Bella's three parcels for $45,000 ("EVA Claim").

Sphere is a single-member Nevada LLC formed on December 27, 2021. The managing member of Sphere is R&T Ventures, a California LLC solely owned by Mr. Rainer Schwarz. Schwarz and Hsiao and their various California entities have been in litigation in California since December 2020. Bella is not a party to the California litigation.

In or around January 2022, Schwarz negotiated a sale of the EVA Claim to Sphere for $36,000. The parties executed an agreement for the EVA Claim on January 24, 2022.

On February 9, 2022, Sphere filed an involuntary chapter 7 bankruptcy case against Bella. On the Official Form 205 — Involuntary Petition Against a Non-Individual — Sphere alleged that it was an eligible petitioner under § 303(b), that Bella was an eligible debtor under § 303(a), and that Bella was generally not paying its debts as they became due. Sphere disclosed in question 12 that it had purchased the EVA Claim prior to the filing. Pursuant to question 12 and Rule 1003(a), Sphere attached a copy of the agreement evidencing the transfer of the EVA Claim to Sphere,

but Sphere failed to attach the required signed statement that the EVA Claim had not been transferred for the purpose of commencing the case. A summons was served on Bella by mail.[2]

Bella did not file an answer or responsive motion within the required 21 days following service of the summons under Rule 1011(b), and thereafter, Sphere requested entry of an order for relief under § 303(h). The bankruptcy court entered the order the next day. Troy Fox ("Trustee") was appointed as the chapter 7 trustee.

On May 11, 2022, 89 days after service of the summons and 68 days after entry of the order for relief, Bella moved to dismiss the involuntary chapter 7 case under Civil Rule 12(b)(1) and Rule 7012. Bella argued that Sphere lacked standing to file the case, and so the bankruptcy court had to dismiss it for lack of jurisdiction. Specifically, Bella argued that Sphere was not a qualified petitioner because it "intentionally" and "surreptitiously" omitted the required signed statement in Rule 1003(a). Bella argued that Sphere purchased the EVA Claim to commence the case and use it as a tool for the California litigation.

Sphere opposed the motion to dismiss, arguing that the bankruptcy court was precluded from considering Bella's belated objection concerning sufficiency of the petition.[3] Under Rule 1011(b), Bella had to contest the

---

[2] Bella asserted that it was not served with the summons. The bankruptcy court found to the contrary. Bella has not cross-appealed this issue.

[3] Trustee also opposed dismissal. He agreed with Sphere that Bella's argument about any purported defect in the petition was untimely. He also argued that it was in

4

petition within 21 days after service of the summons. Because Bella did not do so, argued Sphere, any defenses or objections were waived. Sphere also attached the previously-omitted Rule 1003(a) statement in an attempt to cure the defect. In reply, Bella argued that despite its failure to contest the petition and entry of the order for relief, subject matter jurisdiction could be raised at any time.

The bankruptcy court granted the motion to dismiss, concluding that it lacked subject matter jurisdiction. This timely appeal followed.

## JURISDICTION

As explained below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in dismissing Bella's involuntary chapter 7 case for lack of subject matter jurisdiction?

## STANDARDS OF REVIEW

We review the bankruptcy court's interpretation of the Bankruptcy Code and its conclusions of law de novo. *Mendez v. Salven (In re Mendez),* 367 B.R. 109, 113 (9th Cir. BAP 2007). We review a dismissal based on lack of subject matter jurisdiction and lack of standing de novo. *Warren v. Fox Fam. Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003).

---

the best interest of creditors and the debtor to continue with the chapter 7 case. He had negotiated a sale of Bella's property for $2.5 million, which would pay all secured creditors and net the estate just over $1.4 million. The scheduled hearing for Trustee's sale motion did not go forward due to the dismissal of the case.

5

## DISCUSSION

An involuntary case was commenced against Bella by Sphere's filing of the chapter 7 petition. *See* § 303(a), (b). Once an involuntary petition is filed, Rule 1011(b) provides that "[d]efenses and objections to the petition shall be presented in a manner prescribed by [Civil Rule 12] and shall be filed and served within 21 days after service of the summons[.]" Section 303(h) provides that "[i]f the petition is not timely controverted, the court shall order relief against the debtor[.]" Rule 1013(b) also provides that "[i]f no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, shall enter an order for the relief requested in the petition."

As transferee of the EVA Claim, Sphere was required under Rule 1003(a) to include with the petition any documents evidencing the transfer and a signed statement that the claim was not transferred for the purpose of commencing the chapter 7 case. Rule 1003(a) provides that an entity which has acquired a claim for such purpose "shall not be a qualified petitioner."

The bankruptcy court found that Bella had not timely raised any defenses or objections to the petition as required by Rule 1011(b), and that the order for relief was properly entered under § 303(h). These facts are undisputed. The bankruptcy court also found that it initially had subject matter jurisdiction over the case under 28 U.S.C. §§ 157(a) and 1334(a), but it agreed with Bella that the question of its subject matter jurisdiction could

6

be raised at any time.

The bankruptcy court determined that Sphere was not a qualified petitioner, and therefore lacked standing to file the involuntary petition, because it purchased the EVA Claim for the purpose of commencing the case and failed to include the signed statement referenced in question 12 of the petition and Rule 1003(a) stating otherwise. The bankruptcy court concluded that Sphere's lack of standing and the absence of a joining qualified petitioning creditor were fatal to its subject matter jurisdiction. Consequently, it had to dismiss the case.

Sphere argues that the bankruptcy court erred in dismissing the case for lack of subject matter jurisdiction. Precisely, Sphere argues that the requirement of filing a signed Rule 1003(a) statement is not jurisdictional; it is a substantive requirement for a petitioning creditor in § 303(b), and Bella waived it by not timely filing an answer or responsive motion objecting to it. We agree.

Sphere's failure to include with the petition the signed statement referenced in question 12 and Rule 1003(a) goes to the filing requirements for a petitioning creditor in § 303(b). *See Kelly v. Herrell,* 602 F. App'x 642, 646 (7th Cir. 2015). The Ninth Circuit Court of Appeals, and this Panel before it, have ruled that § 303(b)'s requirements are not subject matter jurisdictional but rather substantive matters necessary to sustain the involuntary proceeding, and they can be waived by the alleged debtor if not timely raised. *See Rubin v. Belo Broad. Corp. (In re Rubin),* 769 F.2d 611,

614 n.3, 615 (9th Cir. 1985) (holding that the undisputed claims and three-petitioning-creditor requirements of § 303(b) are not subject matter jurisdictional and can be waived; they are only elements that must be established to sustain the involuntary proceeding); *Mason v. Integrity Ins. Co. (In re Mason),* 20 B.R. 650, 651 (9th Cir. BAP 1982) (holding that § 303(b) defects in the petition do not deprive the bankruptcy court of subject matter jurisdiction and are waived when the alleged debtor fails to answer), *aff'd,* 709 F.2d 1313, 1318-19 (9th Cir. 1983) (affirming denial of debtor's Civil Rule 60(b) motion to vacate order for relief, because debtor waived his § 303(b) defense of an insufficient number of petitioning creditors by failing to raise it in an answer to the petition). *See also In re Kidwell,* 158 B.R. 203, 208-09 (Bankr. E.D. Cal. 1993) ("Failure to comply with the three-petitioner requirement is a substantive, not a jurisdictional, defense. . . . As a substantive defense, a defect in the three-petitioner requirement is waived if not timely raised.").

Other circuit courts and bankruptcy appellate panels which have expressly ruled on this issue are in agreement. *See Kelly,* 602 F. App'x at 646-47 (compliance with Rule 1003(a) is a filing requirement for § 303(b) and § 303(b)'s filing requirements are not subject matter jurisdictional); *Mitchell v. Weinman (In re Mitchell),* 554 F. App'x 756, 760 (10th Cir. 2014) (affirming the BAP's ruling that § 303(b) is not jurisdictional and noting the BAP's analysis that the language in § 303(c), (h), and (j) further suggest that § 303(b)'s requirements are not necessary to the bankruptcy court's subject

8

matter jurisdiction); *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 169 (2d Cir. 2010) (concluding that "the restrictions of § 303 fall decisively on the nonjurisdictional side" of the U.S. Supreme Court's "bright line" test as articulated in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)); *Trusted Net Media Holdings, LLC v. Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC),* 550 F.3d 1035, 1043-44 (11th Cir. 2008) (en banc) (holding that "§ 303(b)'s requirements are not subject matter jurisdictional" based on the statutory language and *Arbaugh* and can be waived*); In re Zenga,* 562 B.R. 341, 347 (6th Cir. BAP 2017) (discussing *Arbaugh* and holding that the creditor threshold requirement in § 303(b)(1) is not jurisdictional).[4]

Although the rule regarding the nonjurisdictional nature of the filing requirements in § 303(b) has governed our circuit for 40 years, several of the courts above relied on the 2006 Supreme Court's ruling in *Arbaugh* to reach the same conclusion. *Arbaugh* instructed courts to look at the language in a statute to determine whether Congress granted them subject matter jurisdiction. If Congress has not ranked "a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh,* 546 U.S. at 516. That § 303(b) makes no reference to its requirements being jurisdictional in nature

---

[4] *See also Marlar v. Williams (In re Marlar),* 432 F.3d 813, 814-15 (8th Cir. 2005), and *McCloy v. Silverthorne (In re McCloy),* 296 F.3d 370, 375 (5th Cir. 2002), pre-*Arbaugh* cases holding that § 303(a), which excludes involuntary petitions against farmers, is not subject matter jurisdictional and the argument that the debtor is a farmer is a waivable affirmative defense.

suggests that Congress did not intend they be satisfied to confer subject matter jurisdiction to the bankruptcy court over an involuntary case.

Therefore, while failure to satisfy the statutory requirements in § 303(b) is grounds for dismissal if timely raised, these requirements do not implicate subject matter jurisdiction. Neither do the procedural limitations in the Bankruptcy Rules such as Rule 1003(a). *Kelly*, 602 F. App'x at 647 (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271-72 (2010); *Kontrick v. Ryan*, 540 U.S. 443, 453-54, 456 (2004)).

The bankruptcy court was under the mistaken view that the defect in Sphere's petition of the omitted Rule 1003(a) statement was subject matter jurisdictional. It was not. And when Bella failed to contest it in an answer or responsive motion within 21 days of service of the summons, it waived that affirmative defense. Thus, the bankruptcy court erred when it considered Bella's untimely and waived arguments to find that Sphere purchased the EVA Claim for the purpose of commencing the case and lacked standing as a qualified petitioner, and that it resultantly lacked subject matter jurisdiction.

The bankruptcy court should never have reached this and other issues regarding the petition's merits or Sphere's eligibility as a petitioning creditor when Bella failed to timely contest them. *See Saxena v. Nabilsi (In re Nabilsi)*, BAP No. CC-09-1207-MkJaD, 2010 WL 6259980, at *10 (9th Cir. BAP Nov. 16, 2010) (reversing the bankruptcy court for dismissing the involuntary case and not entering the order for relief when the alleged

10

debtor failed to file a timely answer or responsive motion contesting the sufficiency of the petition). While Sphere's motivation for commencing the case was clearly something the bankruptcy court could have considered in an evidentiary hearing if Bella had timely raised it, it was not proper for the court to consider it in light of Bella's waiver.

The cases the bankruptcy court relied upon for its decision are inapposite. *See In re Banner Res. LLC,* No. 21-60016-RLJ7, 2021 WL 2189085, at *2 (Bankr. N.D. Tex. May 28, 2021); *In re Clignett,* 567 B.R. 583, 586-87 (Bankr. C.D. Cal. 2017), *abrogated on other grounds by Mont. Dep't of Revenue v. Blixeth,* 942 F.3d 1179 (9th Cir. 2019); *In re Oberle,* No. 06-41515, 2006 WL 3949174, at *1 (Bankr. N.D. Cal. Dec. 21, 2006). In each case, the alleged debtor timely filed an answer or responsive motion contesting the petitioning creditor's eligibility for failing to comply with Rule 1003(a). And the cases Bella cites and argues support the proposition that subject matter jurisdiction can be raised at any time are not on point. While it is true that a court's subject matter jurisdiction can be raised at any time, even on appeal, the defect in Sphere's petition was not a jurisdictional issue.

## CONCLUSION

For the reasons stated above, we REVERSE the order dismissing Bella's involuntary chapter 7 case and REMAND with instruction for the bankruptcy court to reinstate the case and reappoint Trustee.

11